H. E. WILLIAMS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed July 15, 1927.

*Smith & Register,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—H. E. Williams, the plaintiff in error, was Cashier of the Planters Bank located at Cottondale. He was also secretary and treasurer of a corporation called Gainer-Williams Company which was engaged in the lumber business. Up to November, 1926, Williams had been cashier of the bank for several years. The bank did a small business; its capital stock was fifteen thousand

dollars. Sometime between January 2, 1926, and October 26th of that year about sixteen cashier's checks were issued by Williams for amounts ranging from $750.00 to $1500.00 which were entered upon the cashier's register as having been issued for approximately one per cent of the face value, and some not entered at all.

These checks, or most of them, were for the use of the Gainer-Williams Company. This practice resulted in a large shortage of the bank funds.

The bank suspended business in November, 1926, and in January, 1927, Williams was indicted for making false entries in the books of the bank with intent to defraud the banking corporation and divers other persons and with intent to deceive J. W. Hinson, President of the bank, and J. E. Perkins, agent for the State Comptroller. Three indictments were presented; one charging a false entry made on October 23, 1926, one on January 16, 1926, and one on July 27, 1926. The entries were respecting cashier's check No. 10162 for $1500.00; No. 9181 for $1250.00 and No. 9863 for $1000.00, respectively. The defendant was tried on the three indictments at the same time and there was a verdict of guilty on all three indictments.

The evidence is amply sufficient to support the charge in each indictment. The charge of the court was full, clear and correct. The evidence for the defense was directed toward showing the absence of any intent to defraud and the lack of any benefit accruing to the defendant on account of his conduct. False entries of the character described in the indictment and which the evidence was sufficient to support result in financial injury to the bank and incidentally to all persons interested in it whether as stockholders or depositors.

A motion to set aside the verdict was denied and judg-

ment was entered against the defendant. The defendant took a writ of error and seeks to reverse the judgment.

In the preparation of the transcript no entry appears that the defendant was either arraigned or pleaded, but it does show that the parties went to trial upon the issue joined and the case was tried upon its merits. The transcript was made up under the new rules according to the language of the clerk's certificate.

The record does not show that there was any direction to the clerk to recite the fact of arraignment or copy the plea presenting the issues tried, so the arraignment and plea were probably omitted intentionally. For that reason the cause will not be reversed but it will be, and is hereby, affirmed upon its merits.

The burden is upon the plaintiff in error to make the error complained of clearly to appear. In a criminal case when the record is prepared not under Rule 103 but under the later rule, he may cause to be incorporated in the transcript only such parts of the record as he may direct to be incorporated therein.

The judgment, of course, should appear, as it does in this case. The Court will not presume that the defendant was not arraigned and did not plead, especially as the record shows that he went to trial on the issues joined and the case was tried on its merits.

The judgment is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J. concur in the opinion.