W. H. FAULKNER v. STATE OF FLORIDA.

1 So. (2nd) 857
Division B
Opinion Filed April 25, 1941
Rehearing Denied May 15, 1941

*R. H. Merritt,* for Appellant;

*J. Tom Watson,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Appellee.

PER CURIAM.—The appellant, W. H. Faulkner, was informed against by the County Solicitor of Escambia County,

Florida, for the violation of Section 7655 C. G. L., in that on or about August 1, 1939, in Escambia County, Florida, he was a lewd, wanton and lascivious person, by then and there exposing . . . parts of his person in the presence and view of a certain female, namely Mrs. Ozella Kent, and divers other female persons. The defendant below filed a motion to quash the information on numerous grounds and the same was denied, and upon arraignment the defendant entered a plea of not guilty; was placed upon trial, and by a jury convicted, and by the trial court sentenced to pay a fine of $250.00, and in default thereof that he be imprisoned by confinement at hard labor in the county jail of Escambia County for a period of six months. An appeal therefrom has been perfected to this Court and several assignments of error presented and argued for a reversal of the said judgment.

It is here contended that the lower court erred in not sustaining the motion of the appellant to quash the information under which he was informed against and convicted, because the facts supporting the charge clearly show a violation of Section 7588 C. G. L., and not a violation of Section 7655 C. G. L. We have carefully reviewed and studied the testimony in support of the prosecution and it shows that the appellant exposed a part of his person in the presence of the female named in the information on August 1, 1939, and in the presence of other females within two years prior to the filing of the information. Such conduct clearly violates the described provisions of Section 7655, *supra*. We agree with counsel for appellant that Section 7588, *supra*, makes unlawful the alleged conduct of appellant and the facts adduced would clearly support the charge. The two offenses prohibited by Sections 7588 and 7655 are are closely related to such an extent that when a conviction is had under Section 7588 he cannot be subsequently con-

victed on the same set of facts made unlawful by Section 7655 and fully described in the challenged information. Consideration has been given to the authorities cited in support of this assignment.

It is next contended that a single act of exposure of the person in an indecent manner does not constitute.a violation of Section 7655. The answer to this contention is that the alleged exposure occurred on August 1, 1939, in the presence of Mrs. Kent, and in addition thereto the testimony discloses that an indecent exposure occurred in the presence of a young girl some fifteen or sixteen years of age, as well as two other females, and the trial court submitted these issues to the jury for a verdict. The law does not authorize this Court to substitute its judgment for that of a jury in cases where unlawful influences have not been made fully to appear.

It is next contended that the lower court erred during the progress of the trial of the cause in commenting upon the testimony and presenting a stern or defiant attitude toward counsel for appellant. We have examined the transcript in the light of counsel's contention, but we are unable to agree to their conclusion. Courts are human, and, generally speaking, they diligently endeavor to ascertain the truth of controversies and apply the law, subject to human frailties and limitations. Patience and tolerance in our common effort to administer justice should be liberally practiced by all.

It is next contended that the lower court erred in denying or overruling a proffer made on the part of the defendant when he tried to introduce evidence of eighteen years of good service when serving in or connected with the United States Navy. It is generally conceded that a reputation for good conduct and citizenship in a community is among the rewards for living an upright life. Evidence of this

reputation is a very valuable asset and helpful to a jury, especially in a trial of criminal cases, in reaching a correct verdict. This general reputation, under our legal system, is confined to the community in which the defendant resides or is best known, and it is possible or quite likely that some of the defendant's associates in the Navy, if called as character witnesses, would have so testified.

The record fails to disclose such a proffer made on the part of counsel for defendant. There is no record of a good reputation of the defendant made while serving in the Navy, and if such a record existed, the responsibility or burden was on the defendant to establish the same. The burden was on the appellant to make error clearly to appear in the record and having failed to carry this burden, the duty on the part of this Court is to affirm the judgment appealed from, and accordingly the same is hereby affirmed.

Brown, C. J., Terrell, Chapman and Thomas, J. J., concur.