HOBSON, Justice.
Petitioner has applied for a writ of cer-tiorari to review a judgment of the circuit court, in part affirming and in part reversing a judgment of the municipal court of the City of Tampa. These proceedings were commenced before the effective date of revised Article V of the Florida Constitution, F.S.A.
Petitioner was convicted of unlawfully exhibiting or exposing his sexual organs in a public place to three female persons, two of whom were minors, “in violation of City of Tampa Code 26-47.” Petitioner contends that the offense of which he was convicted under this section of the code is substantially the same as that condemned by § 800.03, Florida Statutes, F.S.A., yet the maximum punishment allowable under the code is greater than that prescribed for violation of the statute. He urges that this disparity between penalties renders the ordinance unconstitutional as denying him the equal protection of the laws.
If petitioner’s contention could be accepted it would mean that the sentence was invalid, and it would be necessary to remand the cause for imposition of a new sentence not greater than that prescribed by the state statute. But there is a preliminary flaw in petitioner’s argument which we conceive to be fatal to his position.
Both F.S. § 800.03, F.S.A., and § 26-46 of the Tampa Code prohibit indecent exposure, in identical language. Petitioner was not convicted under § 26-46 of the Code, however, but under § 26-47, which makes it unlawful for any person, in the city, to “make any indecent, repulsive or improper advances or proposal” to “any child under the age of eighteen or to any female of any age * * * ” The ordinance from which this language comes was particularly designed to protect minors of either sex, and women of any age, from any and all indecent advances. The crime might comprehend, but it is not limited to, indecent exposure.
Petitioner relies upon Faulkner v. State, 146 Fla. 769, 1 So.2d 857. In that case appellant had been convicted of being a “lewd, wanton and lascivious person” under § 7655 C.G.L., 1927 [F.S. § 856.02, F.S.A.] and contended that at most he should have been informed against only for indecent exposure under § 7588 C.G.L., 1927 [F.S. § 800.03, F.S.A.] for which the penalty was lighter. We affirmed the conviction under § 7655 but held that the evidence would also have supported a charge of indecent exposure under § 7588. . We also observed, as petitioner points out, that “the two offenses prohibited by Sections 7588 and 7655 are closely related to such an extent that when a conviction is had under Section 7588 he cannot be subsequently convicted on the same set of facts made unlawful by Section 7655 * * *” This close relationship does not mean, however, that the offenses are so 'nearly identical that different penalties cannot lawfully be prescribed for them. The subject we are pursuing has nothing to do with double jeopardy.
We are shown no reason why the City of Tampa did not have authority to prescribe the penalty it did for the offense of which petitioner stands convicted. The fact that the state prescribed a lesser penalty for a lesser offense is of no help to petitioner.
Certiorari is denied.
TERRELL, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.