PER CURIAM.
The only substantial question presented on this appeal is whether or not the defendant was denied his constitutional right to counsel under the decision of the United States Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.
y The pertinent sequence of events leading to the defendant’s confession is as follows: (1) Defendant was placed under arrest at his place of employment and transported to the homicide office of the Public Safety Department; (2) he was advised that if he talked about any aspect of the case he would have to do so freely and voluntarily; (3) the accused requested permission to contact his attorney and permission was granted; (4) after he had contacted his attorney, the defendant implicated himself by confessing that he was one of those who participated in the crime.
On this appeal, it is urged that, having been allowed to communicate with his attorney, the examination should have ceased until the attorney arrived. We are unable to subscribe to such a rule, and we do not find it implicit in the Escobedo decision.
From the record before us, it is apparent that the appellant made his statement freely and voluntarily after consultation with his attorney. The record does not reveal whether appellant’s attorney advised him to confess or to remain silent until a later time. The intention of the attorney to consult with the appellant again is not important in view of the fact that the appellant voluntarily confessed when he knew he had a right to await his attorney if he wished to do so. Cf. Montgomery v. State, Fla.1965, 176 So.2d 331.
Affirmed.