BARKDULL, Judge.
On November 29, 1964, law enforcement officials in Dade County discovered the body of one Julia Berger. Shortly thereafter the appellant was arrested and presented for a preliminary hearing before a committing magistrate on the date of his arrest, at which hearing he was represented by counsel and bound over to the grand jury. He was indicted for the crime of first degree murder and, on January 14, 196S, with counsel present entered a plea of not guilty. Subsequently, his counsel filed what was styled “Notice of Defense of Insanity”, which was met by a motion for a bill of particulars by the State. The trial judge appointed two psychiatrists to examine the appellant and, on the same date, entered an order requiring the appellant to submit a bill of particulars within five days of receipt of the report of the psychiatrists. The psychiatrists filed their written report, which evidenced their finding that the appellant was mentally competent. No bill of particulars was forthcoming from the appellant. The trial court did not conduct a further hearing on the issue of the sanity of the appellant, and did not permit evidence tending to show his insanity at the time of the alleged commision of the crime to be presented to the jury. The jury returned a verict of guilty with a recommendation of mercy, and the appellant was sentenced to life imprisonment.
This appeal ensued, and the appellant has preserved two points for review. First, the permitting into evidence of statements made between the time of his arrest and preliminary hearing out of the presence of his lawyer and, second, the failure to conduct a hearing as to the sanity of the appellant, plus the failure to permit evidence to be introduced at the time of the trial as to his mental capacity.
As to the first point, we fail to find error in the trial court’s holding that the admissions made by the appellant to the police officials were voluntary. See: Young v. State, Fla.1962, 140 So.2d 97; *796 Roberts v. State, Fla.1964, 164 So.2d 817; Male v. State, Fla.App.1966, 189 So.2d 521.
As to the second point, it is apparent from a reading of the record that the notice of intention to rely on the defense of insanity was an attempt to amend the appellant’s plea and to raise this defense pursuant to the provisions of § 909.17, Fla. Stat., F.S.A. However, as the attempted insanity plea was made after arraignment, the matter was discretionary with the trial judge pursuant to subsection (3) of the statute, and we fail to find any abuse of discretion on this record. The cases cited by the appellant [Williams v. State, 100 Fla. 814, 130 So. 456; Acree v. State, 153 Fla. 561, 15 So.2d 262; Brock v. State, Fla.1954, 69 So.2d 344] are distinguishable in that the plea was made prior to arraignment and invoked the mandatory provisions contained in subsections (a) and (b) of the statute, requiring a hearing.
The appellant has also cited authorities [State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, 156 So. 261; Gentilli v. Wainwright, Fla.1963, 157 So.2d 419] which relate to the mental capacity of a defendant at the time of his trial, i. e., whether he is competent to assist his counsel in the preparation of a defense. Procedures to determine sanity in this regard are governed by § 917.01, Fla.Stat., F.S.A., which has, as a prerequisite to an inquiry as to the sanity of a defendant, a finding by the trial court of “reasonable ground to believe that the defendant is insane”. It not appearing from the record that there was this “reasonable ground”, there has been no showing of error on the part of the trial judge in not invoking the requirements of §§ 917.01, 917.02, Fla.Stat., F.S.A.
It is incumbent upon an appellant to demonstrate error in an appellate record. See: Williams v. State, 94 Fla. 264, 114 So.2d 241; Faulkner v. State, 146 Fla. 769, 1 So.2d 857; San Fratello v. State, Fla.App.1963, 154 So.2d 327. Other than the naked assertion that the trial judge committed error, there is nothing in the record to indicate [save the notice of the defense of insanity] that the appellant was other than competent. The appellant failed to serve a notice of a bill of particulars, as required by the statute and as required by the court order. It is apparent that the appellant was accorded a fair trial.
No error having been made to appear, the verdict, adjudication, and sentence is hereby affirmed.
Affirmed.