MANN, Judge.
Charlie Wells was indicted for the murder of his wife by a grand jury which included a resident of Charlotte County who had resided for a time in another county *228 and had moved hack to Charlotte County-less than six months prior to the impanel-ling of the grand jury, which had been chosen from a list irregularly compiled by the Charlotte County Commission. Wells was convicted of murder in the second degree. On appeal he alleges the invalidity of the grand, jury as reversible error, the insufficiency of evidence, admission of blood-stained undergarments of the victim and failure of the trial court to submit his defense of insanity to the jury.
There being no miscarriage of justice shown, the fact that Charlotte County’s procedures for selecting grand juries are not a fit model for emulation avails the appellant nothing, for reasons expressed better than we can by Mr. Justice Thornal in Leach v. State, 132 So.2d 329 (1961).
There was adequate evidence on which the jury could have formed its conclusion. Specifically objected to on this appeal was the introduction of the victim’s underpants and sheet. They were introduced to show that the blood stains thereon and those on appellant’s jacket found in the home where the body lay were of type A blood, while the defendant’s blood was type O. This is relevant evidence.
Wells was ill with cancer, and when apprehended said that he was sick and needed help. Officers testified that he was in shock, dazed, language on which appellant relies as justifying submitting the defense of insanity to the jury. But these same officers testified that he told them, at the same time, that he had “done an awful thing”. It is clear from the testimony that his references to sickness were not to mental illness. There are two remarks, one by^ his sister that “he wanted to cut my old man” and one that he knew he couldn’t kill his wife but that he could beat her to death. There is no positive testimony, lay or expert, showing insanity, and the right-or-wrong test is clearly met. This case is not like Griffin v. State, 96 So.2d 424 (Fla.App.1957) in which affirmative evidence was adduced. The trial judge did not abuse his discretion in removing the insanity defense from the jury. See Fla.R.Cr.Proc. 1.210(b), 33 F.S.A.; Brown v. State, 192 So.2d 794 (Fla.App.1966); Johnson v. State, 187 So.2d 281 (Ala.App.1966).
Affirmed.
PIERCE, Acting C. J., and HOBSON, J., concur.