**Thomas Lorenza TAYLOR et al.,**
**Plaintiffs,**

v.

**CITY OF SELMA, ALABAMA, et al.,**
**Defendants.**

**Civ. A. No. 4335–66.**

United States District Court,
S. D. Alabama, N. D.

April 8, 1971.

As Amended May 21, 1971.

Donald A. Jelinek, Selma, Ala., Alvin J. Bronstein and Geor. M. Strickler, Jr., New Orleans, La., Morton Stavis, Newark, N. J., Howard C. Moore, Jr., Atlanta, Ga., William Kunstler, New York City, for plaintiffs.

Wm. McLean Pitts, Wilkinson, Wilkinson & Russell, Selma, Ala., Gordon Madison, Asst. Atty. Gen., Montgomery, Ala., for defendants.

Before GODBOLD, Circuit Judge, and THOMAS and PITTMAN, District Judges.

PER CURIAM.

On November 5, 1966, plaintiff Taylor was arrested for blocking traffic in the City of Selma. Plaintiffs House and Carmichael were arrested thereafter for violating Alabama's Anti-Riot Statute, Title 14, § 407(1), Code of Alabama 1940 (Recomp.1958). All plaintiffs were tried and convicted in the Recorder's Court for the City of Selma in November 1966. All plaintiffs have appealed these convictions and are awaiting trial *de novo* before the Dallas County Circuit Court. Hearings on these appeals were stayed by this court on May 18, 1967, pending final disposition of the issues in this case. Plaintiffs request this court to enjoin the State criminal proceedings against them and to declare the Alabama Anti-Riot Statute unconstitutional.

Addressing the injunction question first, the Supreme Court in its February 23, 1971, decision in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, thoroughly explained the narrow circumstances under which a Federal Court may enjoin state criminal proceedings. The Court enumerated the only exceptions to the policy of not enjoining such proceedings. They are as follows:

1. When expressly authorized by Congress.

2. Where necessary in aid of court's jurisdiction.

3. Where necessary to protect or effectuate the Court's judgments.

4. Where a person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages.

The Court at 401 U.S. at p. 53, 91 S. Ct. at p. 755, dispelled any misconceptions about Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) by saying that decision does not stand "for the proposition that a federal court can properly enjoin enforcement of a statute solely on the basis of a showing that the statute 'on its face' abridges First Amendment rights."

■ The situation presented to this Court falls within exception number 4 as shown above. Plaintiffs were in the midst of a political campaign and the Court finds that the criminal proceedings against House and Carmichael resulted in harassment of them in an effort to prevent their participation in the local political campaign. In Younger v. Harris, supra, the Court in its discussion of the requirement of irreparable injury before the issuance of an injunction, said "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." While the election has long since been held, the prosecuting of House and Carmichael remains unchanged and accordingly the defendants will be enjoined from prosecuting plaintiffs House and Carmichael under the Anti-Riot Statute.

This holding, however, is not dispositive of the entire case as the plaintiffs have also requested an injunction against future enforcement of the "Anti-Riot" Statute. Plaintiffs have brought this action as individuals and as representatives of all similarly situated.

The statute in question, Title 14, § 407(1) reads as follows:

Whoever, after having done anything to induce the assembling of a crowd, or, after having given or knowingly permitted to be given notice or public knowledge that he, or any other person, would, at a time or place certain in this state, do, aid, or assist in doing any act or make any gestures or communications which are calculated to or will probably so outrage the sense of decency and morals or so violate or transgress the customs, pattern of life and habits of the people of Alabama as to be likely to cause a riot or breach of the peace at such time or place, and does in fact do or aid or assist in doing any such act, or gestures, or communications shall be guilty of a misdemeanor and upon conviction shall be fined a sum not exceeding three hundred dollars and may also be imprisoned for a period of not exceeding six months.

The plaintiffs contend that this statute is violative of the Fourteenth and First Amendments to the U. S. Constitution. "It has long been established that these First Amendment freedoms are protected by the Fourteenth Amendment from invasion by the States." Gitlow v. New York, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138; Whitney v. California, 274 U.S. 357, 47 S.Ct. 641, 71 L.Ed. 1095; Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 117; DeJonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278; Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213; Edwards v. South Carolina, 372 U.S. 229, 235, 83 S.Ct. 680, 683, 9 L.Ed.2d 697 (1963).

■ The crucial language in the statute is extremely broad and vague leaving to the executive and judicial branches too wide a discretion in its application. The Supreme Court in N.A.A.C.P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963) held that "First Amendment freedoms need breathing space to survive" and "government may regulate in the area only with narrow specificity." See also Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). This statute fails to meet constitutional standards because of its vagueness and overbreadth. As written, the statute is an easy vehicle for the suppression of unpopular causes and thoughts.

In conclusion, let it be understood that merely because T. 14, § 407(1), fails to meet constitutional standards does not indicate that plaintiffs are beyond the reach of any state penal action. Freedom of speech does not give license to incitement of a riot.

We find that the prosecution of Taylor was not proved to be harassment carried out in an effort to prevent his participating in the local election campaign. Therefore, under Younger v. Harris, he has shown no irreparable injury and is not entitled to enjoin the pending criminal prosecution against him.

Therefore it is ordered, adjudged and decreed that defendants should be and are hereby enjoined from prosecuting plaintiffs House and Carmichael under Title 14, § 407(1), Code of Alabama 1940 (Recomp.1958).

It is further ordered that all future enforcement of Title 14, § 407(1), Code of Alabama 1940 (Recomp.1958), should be and hereby is enjoined.