255 So.2d 675 (1971)
Rebecca M. CHESEBROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 41254.
Supreme Court of Florida.
December 8, 1971.
*676 Robert E. Jagger, Public Defender and William F. Casler, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and P.A. Pacyna, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
This is an appeal from the Circuit Court of Pinellas County, having been transferred to this Court from the District Court of Appeal, Second District. Defendant was charged with knowingly committing a lewd and lascivious act in the presence of a male child under the age of fourteen years by willfully and knowingly committing the act of sexual intercourse in the presence of the said minor child. The statute involved is Fla. Stat. § 800.04, F.S.A., which reads as follows:
"Any person who shall handle, fondle or make an assault upon any male or female child under the age of fourteen years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without intent to commit rape where such child is female, shall be deemed guilty of a felony and punished by imprisonment in the state prison or county jail for not more than ten years." (Emphasis supplied.)
Defendant entered a plea of not guilty and filed a motion to suppress a written statement made by the defendant while in custody. After hearing testimony, the Court denied the motion to suppress. When the case was called for hearing, the attorney for defendant announced that he had requested a nonjury trial but, because the State would not stipulate to such a trial, the defendant desired to enter a plea of nolo contendere. After examining the defendant as to its voluntariness, the Court accepted the plea. An officer testified as to statements made by the defendant to the effect that, upon inquiry by her son (who was under fourteen years of age) as to how babies are made, she and her husband (stepfather of the child) showed him "in the bedroom." The Court found the defendant guilty as charged. She was sentenced to serve a term of from six months to eighteen months in the state prison. A notice of appeal filed with the District Court of Appeal, Second District, was transferred to this Court because the trial court passed directly on the constitutionality of Fla. Stat. § 800.04, F.S.A., quoted above.
The plea of nolo contendere was a formal declaration by defendant that she did not contest the charge against her. Such a plea has the same effect as a plea of guilty, so far as regards the proceeding on the information, and a defendant who is sentenced to imprisonment upon such a plea is convicted of the offense charged. While a plea of guilty is a confession of guilt, a plea of nolo contendere does not estop the *677 defendant to plead and prove innocence in a civil suit. See 6 F.L.P., Criminal Law, § 305; State v. Febre, 156 Fla. 149, 23 So.2d 270 (1945).
A plea of nolo contendere admits all the facts which are well pleaded and waives all formal defects in the proceeding of which the accused could have availed himself by a plea of not guilty or motion to quash. See Peel v. State, 150 So.2d 281 (Fla.App.2d, 1963). The plea in the case sub judice was not conditioned on reservation of a question of law as was permitted in State v. Ashby, 245 So.2d 225 (Fla. 1971). Therefore, the defendant may not question the validity of the order of the trial judge denying the motion to suppress.
During the course of the hearing on the plea of nolo contendere, the trial judge received and considered as evidence the defendant's statement of fellatio contacts which she witnessed between her son and the stepfather-husband and also photographs shown to the son of herself and others in the nude and in sexual activities. Defendant says the admissibility of this evidence was reversible error because such evidence was offered to show possible bad character of the defendant when such character was not at issue. This objection would be worthy of consideration if the matter had been submitted to a jury on the issue of guilt or innocence. On a plea of nolo contendere, such evidence as to character becomes material in determining sentence. It was, therefore, admissible and properly considered by the trial judge.
There are only two questions which may be considered by this Court in the case sub judice: First, is Fla. Stat. § 800.04, F.S.A., constitutional, and secondly, were the acts performed by the defendant a violation of the statute?
Defendant says the statute violates the Fifth and Fourteenth Amendments of the United States Constitution and the Declaration of Rights of the State of Florida, because a "lewd and lascivious act" is not defined by the terms of statute. Therefore, it is void for vagueness. She relies upon the fundamental principle that no citizen should be deprived of liberty for the violation of a law which is uncertain and ambiguous.
"Lewd" and "lascivious" are words in common use, and the definitions indicate with reasonable certainty the character of acts and conduct which the Legislature intended to prohibit and punish, so that a person of ordinary understanding may know what conduct on his part is condemned. See State v. Evans, 73 Idaho 50, 245 P.2d 788 (1952).
Lewdness may be defined as the unlawful indulgence of lust, signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to the sexual relations. See 50 Am.Jur.2d, Lewdness, Indecency, etc., § 1, pp. 450-451, which contains a discussion of the common law definition of lewdness. This Court in Boles v. State, 158 Fla. 220, 27 So.2d 293 (1946), in discussing Fla. Stat. § 800.04, F.S.A., said:
"In fine, the statute condemns an assault on or an act committed in the presence of a child under fourteen years of age in a lewd, lascivious, or indecent manner, without intent to commit rape. The assault or the act is constituted a felony, and the maximum penalty is ten years in the county jail or the state prisson. `Lewd', `lascivious', and `indecent' are synonyms and connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator." (p. 294) (Emphasis supplied.)
The words "lewd" and "lascivious" behavior when used in a statute to define an offense has been held to have the same meaning, that is, an unlawful indulgence in lust, eager for sexual indulgence. The District Court of Appeal, First District, in Buchanan v. State, 111 So.2d 51 (Fla.App. 1st, 1959), said:
"In this consideration we must acknowledge that the words `lewd and *678 lascivious behavior' are not defined in the Child Molester Act. It is also true that those words are not defined anywhere in the Florida Statutes. It is to no avail to resort to Section 800.04, Florida Statutes, F.S.A., for in that section reference is made to handling, fondling, or assaulting a child under the age of fourteen `in a lewd, lascivious or indecent manner' and to knowingly commit `any lewd or lascivious act' in the presence of such child, etc. It would be, of course, difficult or impossible to detail in a statute book all the acts which would constitute lewd and lascivious behavior, but there is a large body of case law on the meaning of the words `lewd' and `lascivious' (see, for instance, the numerous decisions under these words in Vols. 24 and 25 of Words and Phrases). Generally speaking, however, these words, when used in a statute to define an offense, usually have the same meaning, that is, an unlawful indulgence in lust, eager for sexual indulgence. See McKinley v. State, 33 Okla. Cr. 434, 244 P. 208.
"Our Supreme Court has had occasion to define these two words in their various forms in Luster v. State, 23 Fla. 339, 2 So. 690; Pinson v. State, 28 Fla. 735, 9 So. 706; Holton v. State, 28 Fla. 303, 9 So. 716; Thomas v. State, 39 Fla. 437, 22 So. 725; Penton v. State, 42 Fla. 560, 28 So. 774; Whitehead v. State, 48 Fla. 64, 37 So. 302; Faulkner v. State, 146 Fla. 769, 1 So.2d 857; and Boles v. State, 158 Fla. 220, 27 So.2d 293." (p. 57)
Lewdness, or open and public indecency, were offenses even at common law. The statutes throughout our country have given the term "lewdness" a broader sense so that it is no longer necessary that such act be committed in a public place or in the presence of many people. It has been held sufficient if it is an intentional act of lewdness, offensive to one or more persons present. See 30 Am.Jur.2d, Lewdness, Indecency, etc., § 1. It is well settled that a criminal statute is sufficiently certain, though it may use general terms, if the offense is so defined as to convey to a person of ordinary understanding an adequate description of the evil intended to be prohibited. We reject the argument that the statute is void for vagueness and uncertainty.
Defendant refers to State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944), and says that this decision substantiates her contention that the statute is unconstitutional in that the following statement is made in the opinion:
"It, therefore, follows that whether or not the act charged constituted a lewd and lascivious act was a question to be submitted to a court of competent jurisdiction for its determination." (p. 884)
This case was a proceeding in habeas corpus where the prisoner sought relief on the ground that the information failed to allege an offense. The information was couched in the language of the statute but did not allege any specific "lewd and lascivious act." The Court held that some specific act must be alleged and said:
"It is elementary that when a criminal act is charged under a statute such as this the charge must be so couched that the accused may be advised definitely and precisely of the act which the prosecution intends to prove was committed by him and whether or not the accused is guilty of a lewd and lascivious act may not be left to the option or judgment of the prosecutor because what one prosecutor might consider a lewd and lascivious act another prosecutor of equal moral fiber and integrity might consider void of any lewd or lascivious element.
"So the act complained of in such cases as this must be definitely alleged and averred to be lewd and lascivious thereby leaving the matter for judicial determination as to whether or not the act charged violates the statute." (p. 884).
This determination by the Court as to whether the act alleged is a lewd and *679 lascivious act would be on motion to quash the information, or any other proceeding in which the sufficiency of the charge is attacked. This does not preclude the jury from determining under the circumstances of each individual case whether such act was in fact lewd and lascivious.
Defendant also contends that the statute is void for overbreadth in violation of the First and Fourteenth Amendments of the United States Constitution and Declaration of Rights of the State of Florida, in that it violates the right of privacy and the language of the statute is so broad that its sanctions may apply to conduct protected by the Constitution. All acts of sexual intercourse, of course, are not in violation of any law just as every homicide is not murder. Certainly, gross and wanton indecency in sexual relations could injure public morals and amount to a crime, for the right of privacy does not contemplate the privilege of engaging in sexual intercourse at such times and places as the parties may desire and in the presence of others. The statute is constitutional.
We hold that sexual intercourse between a husband and wife in the presence of a child under fourteen years of age for the purpose of demonstrating to such child the method of procreation of the human race is a lewd and lascivious act and a violation of Fla. Stat. § 800.04, F.S.A.
There being no error, the judgment and sentence of the trial judge is affirmed.
It is so ordered.
ROBERTS, C.J., and CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents in part and concurs in part with opinion.
ERVIN, Justice (dissenting in part and concurring in part):
I am in agreement with Justice Adkins' excellent opinion insofar as he holds F.S. section 800.04, F.S.A., to be constitutional on its face. However, it appears to me it is being unconstitutionally misapplied to the facts of this case. I don't believe the statute was intended to invade the privacy of a family and a private home, as here, and criminalize the acts of the mother and father. Compare Griswold v. Connecticut, 1965, 381 U.S. 479, 497, 85 S.Ct. 1678, 14 L.Ed.2d 510. See also 25 Miami L.Rev. 395 (1971). As defined by Justice Adkins, "lewd and lascivious behavior" is synonymous with wicked, lustful, licentious, and grossly indecent sexual relations. True, what they did is shockingly disagreeable and reprehensible to most of us under current societal conventions; but I am willing to give them the benefit of the doubt that they believed (although perhaps mistakenly) they could give their own son mature understanding and instruction in the biological facts of procreation in the privacy of their home. Engaging in sexual intercourse for such a reason does not seem to fall within the definition of "lewd and lascivious behavior." Had the act not been committed "all in the family" but out in the open, public view, I would agree it violated the statute.