## STATE OF HAWAII, Plaintiff-Appellee,
## *v.* JOHN ROY MILLER, Defendant-Appellant

## No. 5186

SEPTEMBER 26, 1972.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

2

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant-appellant Miller was tried in the circuit court of the second circuit and found guilty as charged for violating HRS § 727-1, the "common nuisance" statute. The complaint read: "That John Roy Miller, at Puu Olai, Makena, District of Makawao, County of Maui, State of Hawaii, on the 17th day of August, 1969, did openly appear in the nude, which was offensive or plainly hurtful to the public, thereby committing the offense of common nuisance, in violation of section 727-1 of the Hawaii Revised Statutes."

The facts at trial reveal that five vice officers dressed as fishermen, on report from a local citizen, proceeded to Puu Olai beach on August 17, 1969 looking for nude sunbathers. The officers arrested appellant and six others among a group of nude bathers.

Appellant challenges the constitutionality of section 727-1, Hawaii Revised Statutes, which provides:

> The offense of common nuisance is the endangering of the public personal safety or health, or doing, causing or promoting, maintaining or continuing what is offensive, or annoying and vexatious, or plainly hurtful to the public; or is a public outrage against common decency or common morality; or tends plainly and directly to the corruption of the morals, honesty and good habits of the people; the same being without authority or justification by law:
> As, for example: . . . ;
>    . . . .
> Open lewdness or lascivious behavior, or indecent exposure;
>    . . . .

We hold that by its terms and its application to this

defendant, the statute is constitutional.

This court reasoned in *State v. Grahovac,* 52 Haw. 527, 534-35, 480 P.2d 148, 153 (1971) that "[i]t is fundamental that a penal statute clearly define proscribed behavior, for failing this, definitional uncertainty denies an accused 'due process of law' guaranteed by the 14th Amendment to the Federal Constitution and Art. I, § 2 of the Constitution of Hawaii (citations omitted)."

A statute is unconstitutionally vague if it is not "sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." *Connally v. General Const. Co.,* 269 U.S. 385, 391 (1926).

This court has recently decided that sunbathing in the nude on a public beach is punishable under the indecent exposure provision of the common nuisance statute if (1) the defendant exposes himself (2) in a public place where it may be seen by others, and (3) under circumstances that a trier of fact could infer a general intent of the defendant to offend the community's sense of common decency, propriety, and morality. *State v. Rocker,* 52 Haw. 336, 475 P.2d 684 (1970).

We find that Hawaii Revised Statutes § 727-1 as narrowed by *Rocker, supra,* supplies sufficient warning to a conscientious citizen that nude sunbathing in plain view of anyone choosing to use the public beaches of this state is unlawful conduct reasonably proscribed by the "common nuisance" statute.

The statute in question requires a person to conform his conduct to a comprehensible standard measured by common understanding. It is not any exposure of the human body which is proscribed by HRS § 727-1, but only that exposure which is "indecent." Defendant's display of nudity is patently a form of indecent conduct against which he was fairly forewarned.

We reject defendant's contention that the meaning of this statute is unascertainable, thereby rendering it un-

constitutionally vague in violation of the Fourteenth Amendment of the United States Constitution.

Defendant-appellant urges that HRS § 727-1 is overbroad in its reach, thus unconstitutional, because it tends to suppress the exercise of constitutionally protected freedoms.

This court finds that given the facts in the present case a summary invalidation of HRS § 727-1 for overbreadth would be inappropriate.

The applicable parts of the ordinance relate to conduct and not to the communication of ideas. The United States Supreme Court has drawn the distinction between offensive conduct which the state may regulate, and speech, which is accorded a higher degree of immunity from regulation. *See United States v. O'Brien*, 391 U.S. 367 (1968).

A defendant may challenge a statute which purports to regulate or proscribe First Amendment freedoms, although the statute may be neither vague, overbroad or otherwise invalid as applied to him. If the statute is deficient in one of these respects, it may not be applied to anyone. *Coates v. City of Cincinnati*, 402 U.S. 611, 619-20 (1971) (dissenting opinion of White, J.). *Accord, Gooding v. Wilson*, 405 U.S. 518 (1972).

The statute involved in this case differs from penal statutes directed primarily at regulating or proscribing First Amendment freedoms. Statutes aimed at restricting expression are sometimes stricken for overbreadth unless narrowed by the highest court in the state.[1] As we said

---

[1] In *Coates, supra,* the U.S. Supreme Court struck down a Cincinnati, Ohio ordinance making it a criminal offense for "three or more persons to *assemble* . . . on any of the sidewalks . . . and there conduct themselves in a manner annoying to persons passing by . . . (emphasis added)." The Court said "[t]he ordinance before us makes a crime out of what under the Constitution cannot be a crime. It is aimed directly at activity protected by the Constitution. *Coates, supra* at 616.

Also, in *Gooding, supra,* the Court struck down a Georgia statute for vagueness and overbreadth. It provided that "[a]ny person who shall, without provocation, *use* to or of another, and in his presence . . . *opprobrious words or abusive language,* tending to cause a breach of the peace . . . shall be guilty of misdemeanor (emphasis added)."

before, HRS § 727-1 was intended to prevent offensive public conduct unrelated to constitutionally protected expression. Further, since no creative communication inheres in the conduct which appellant engaged in when he was arrested, we find that his nude sunbathing constituted an unprivileged public nuisance which the laws of this state may constitutionally regulate.[2]

For the preceding reasons we reject defendant's contentions that HRS § 727-1 is unconstitutional.

Judgment affirmed.

*Philip H. Lowenthal,* Deputy Public Defender, for defendant-appellant.

*Ernest K. C. Ching,* Deputy County Attorney, for plaintiff-appellee.

---

DISSENTING OPINION OF KOBAYASHI, J.,
WITH WHOM LEVINSON, J., JOINS

I dissent.

Appellant challenges the constitutionality of Section 727-1, Hawaii Revised Statutes, which provides:

> The offense of common nuisance is the endangering of the public personal safety or health, or doing, causing or promoting, maintaining or continuing what is offensive, or annoying and vexatious, or plainly hurtful to the public; or is a public outrage against common decency or common morality; or tends plainly and directly to the corruption of the morals, honesty, and good habits of the people; the same

---

[2]The present case is distinguishable from Cohen v. California, 403 U.S. 15 (1971) in which appellants' conviction for violating § 415 of the California Penal Code was reversed. That section prohibits "maliciously and wilfully disturb[ing] the peace or quiet of any neighborhood or person . . . by . . . offensive conduct . . . ." Appellant's conduct consisted of a harmless display of a common four-letter epithet. The Court said that "[t]he conviction quite clearly rests upon the asserted offensiveness of the *words* Cohen used to convey his message to the public. The only 'conduct' which the State sought to punish is the fact of communication." *Cohen, supra* at 18.

being without authority or justification by law: As, for example: . . . ;

. . . .

Open lewdness or lascivious behavior, or indecent exposure;

. . . .

The facts of this case are nearly identical to those that confronted this court in *State v. Rocker*, 52 Haw. 336, 475 P.2d 684 (1970) . In that case the issue was whether the defendant's activity—sunbathing in the nude on a public beach—created a common nuisance under the same statutory provision as is applicable here, § 727-1. The court in *Rocker* recognized that the elements necessary for a conviction for indecent exposure could not be determined from the face of the statute. "HRS § 727-1, unlike statutes of most states, incorporates indecent exposure as an example of what the legislature has defined to constitute common nuisances. The statute does not specifically delineate the elements of the crime of indecent exposure . . . ." 52 Haw. at 338, 475 P.2d at 687. In construing the statute the court held that "the elements of the crime of indecent exposure that the prosecution must prove in order to establish a prima facie case against the defendants are that (1) the defendants expose themselves, (2) in a public place where it may be seen by others and (3) under circumstances that a trier of fact could infer a general intent of the defendants to offend the community's common sense of decency, propriety, and morality." *Rocker, supra,* 52 Haw. at 346, 475 P.2d at 690-91.

Unlike the instant case, the constitutionality of § 727-1 was not challenged in *Rocker*. I find the statute to be in direct violation of due process of law. It is unconstitutionally vague on its face because it provides no notice as to what conduct is prohibited and unconstitutionally broad because it authorizes the punishment of constitutionally protected conduct.

## VAGUENESS

This court stated in *State v. Grahovac*, 52 Haw. 527, 535, 480 P.2d 148, 153 (1971), that "[a] law of vague meaning falls short of 'due process' demands when it neither gives fair notice to a person what conduct is prohibited nor prescribes fixed standards for adjudging guilt when that person stands accused." As to what constitutes adequate notice the United States Supreme Court has directed that a criminal statute is unconstitutional if it is not "sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties . . . ." *Connally v. General Const. Co.*, 269 U.S. 385, 391 (1926).

There are, in the operative words of the statute, no adequate guidelines set forth. More precisely, Section 727-1 is devoid of any ascertainable standards. It is clear that conduct regarded by some people as "offensive or plainly hurtful to the public,"[1] as set forth in the statute and as charged in the complaint, is not so regarded by others. The totality of the verbiage contained in the statute effectively "licenses the jury to create its own standard in each case." *Herndon v. Lowry*, 301 U.S. 242, 263 (1937). Thus, the statute is impermissibly vague, "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. As a result, 'men of common intelligence must necessarily guess at its meaning.' *Connally v. General Construction Co.*, 269 U.S. 385, 391." *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971).

No meaningful attempt has been made by this court to limit or properly define Section 727-1. This court's construction in *Rocker* of the elements necessary to prove the crime of indecent exposure[2] is subject to the same infirmi-

---

[1] The state admittedly argues that the "defendant is restricted in attacking the constitutionality of Section 727-1, HRS, as to the vaguity [*sic*] of the words 'offensive or plainly hurtful to the public'" because the statute "is set forth in the disjunctive."

ties as the language of the statute itself as discussed above. Without adequate standards set forth, who can say what would "offend the community's common sense of decency, propriety, and morality"? *Rocker, supra,* 52 Haw. at 346, 475 P.2d at 691. I adhere to the position that such vague and broad language not only denies the accused violator of adequate notice such as to comply with due process, but leaves "to the executive and judicial branches too wide a discretion in its application."[3]

### OVERBREADTH

The activity proscribed by Section 727-1 is not limited to that activity enumerated in the examples. The multiplicity of meanings contained in the operative words of the statute could well be construed so as to encompass all the activity proscribed by the entire Hawaii criminal code. We are not today faced with a "carefully drawn statute not also susceptible of application to protected expression." *Gooding* v. Wilson, 405 U.S. 518, 523 (1972). Clearly, activity protected by the First Amendment that could be considered "offensive", "annoying" or "vexatious", comes within the purview of Section 727-1. A statute from which such a resultant chilling effect on protected activity inures cannot be upheld. *See Dombrowski v. Pfister,* 380 U.S. 479 (1965).

The fact that I believe the statute is unconstitutional does not mean that I sanction such activity as sunbathing

---

[2]It should be pointed out that neither the defendant in *Rocker,* nor appellant Miller in this case, was charged with "the crime of indecent exposure." Rocker was charged that he "did openly sunbathe in the nude, which was offensive or plainly hurtful to the public, thereby committing the offense of common nuisance." The state has not argued, and rightfully so, that enumerated within HRS § 727-1 is the individual specific crime of indecent exposure. It is the state's position that indecent exposure, as set forth in the statute, is an example of common nuisance and is to be used by the court as a "tool" or "guideline" in construing the intent of the legislature.

[3]Taylor v. City of Selma, Alabama, 327 F. Supp. 1191, 1193 (S. D. Ala. 1971). The language of the statute in that case ("outrage the sense of decency and morals") is similar to the language in HRS § 727-1 and the language of the court in *Rocker, supra,* in construing that statute.

in the nude on Hawaii's public beaches. However, the statute utilized to proscribe such activity was not written with the requisite specificity needed to satisfy due process requirements.

I would reverse the judgment.