Robert S. Kreistdler, J.
Defendant herein, a woman in her late twenties, is charged with violation of section 245.00 of the Penal Law, public lewdness, in that she removed her bathing suit in a public place and acted in a lewd manner.
The testimony at the trial revealed in substance that the defendant, after water-skiing in a one-piece bathing suit, landed on Mill Island, Kings County, Brooklyn, New York, a public beach on August 19, 1972 at approximately midday. Defendant was accompanied by two unidentified companions, one male and one female. Present on the beach within 100 feet of the defendant were approximately 15 or 20 other persons, including men, women and children. Defendant, shortly after arriving, removed her bathing suit and was totally nude. During the following one and one-half hours until her arrest by the harbor police, she was observed playing with a ball, swimming, *76 waving at a passing boat, slowly applying suntan lotion (to the frontal portion of her body including her breasts and down to her pubic hair), and sunbathing on a blanket (arms behind her propping her up, legs outstretched and knees approximately 12 to 18 inches apart). While she was sunbathing one or more persons took photographs and several persons attempted to cover her with a blanket which she removed. When the police arrived, after a brief conversation she put on her bathing suit and accompanied them to the station house.
At the close of the People’s case, defendant’s motion to dismiss for failure to prove a prima facie case was denied. Defendant thereupon rested without calling any witnesses and moved for a judgment of acquittal.
Section 245.00 of the Penal Law provides: “ A person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other lewd act (a) in a public place, or (b) in private premises under circumstances in which he may readily be observed from either a public place or from other private premises, and with intent that he be so observed. Public lewdness is a class B misdemeanor.”
This section, according to the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 245.00), substantially restates an offense defined in section 1140 of the former Penal Law. That section entitled “ Exposure of a person ” read as follows: “ A person who wilfully and lewdly exposes his person, or the private parts thereof, in any public place * * * is guilty of a misdemeanor.” (L. 1881, ch. 676.) The following four essential elements must be established beyond a reasonable doubt to warrant a conviction for public lewdness. The defendant must (1) intentionally (2) in a public place, (3) expose the private or intimate parts of her body, (4) in a lewd manner or commit any other lewd act.
That the People have established the first three elements of this crime cannot be seriously questioned. It is the fourth element that causes some difficulty.
Does exposure of the private parts of a person violate this law, without regard to motives, intentions and actions of the actor and although same may be pure and wholesome? See People v. Burke (243 App. Div. 83, affd. 267 N. Y. 571 [1934])* *77 where this specific contention (in dissenting opn. of Justice Merrill, p. 91) was rejected by the Court of Appeals. Were this contention to be accepted, the references to lewdness contained in the statute would be meaningless and would constitute mere surplusage. Indeed were this the case, why would the Legislature bother to include them in the statute at all?
As was said by Judge Desmond in the majority opinion in Matter of Excelsior Pictures Corp. v. Regents of Univ. of State of N. Y. (3 N Y 2d 237, 242 [1957]): “ Nudity in itself and without lewdness or dirtiness is not obscenity in law or in. common sense * * * For more than a century the New York courts have held that exposure of the body to the view of others is not criminal if there is no lewd intent ’ ’.
Black’s Law Dictionary (3d ed.) defines lewd as “ lustful, indecent, lascivious, lecherous. The term imports a lascivious intent and signifies that form of immorality which has relation, to sexual impurity or incontinence carried on in a wanton manner ”.
Funk & Wagnall’s-New Comprehensive International Dictionary of the English Language Encyclopedic (1972 ed.) defines ‘ lewd ” as “ characterized by lust; lustful; carnal; licentious. Morally depraved; vicious; wicked.”
Having determined that mere nudity in public does not constitute lewdness, can it be said that this defendant’s conduct was lewd beyond a reasonable doubt or at all? In People v. Burke {supra), completely nude men and women were observed in a public place playing handball, tossing a medicine ball, exercising, showering and swimming. These actions were held not to be lewd and defendant’s conviction was reversed.
Thus it cannot be successfully argued that defendant’s actions in swimming, playing ball and sunbathing were lewd. More questionable were the defendant’s actions in -slowly applying suntan oil to the frontal portion of her body including her breasts, waving at a boat, and permitting photos to be taken. Had defendant been wearing a bathing suit, these acts would be considered completely wholesome, normal and usual for bathers at a public beach.
In the context of defendant’s nudity, can we impute lewdness to these acts? In considering whether a prima facie case has been made out, these actions might barely (no pun intended) constitute prima facie evidence of lewdness. Proof beyond a reasonable doubt is quite another matter. To successfully meet this burden and justify a conviction the evidence must beyond a reasonable doubt exclude every other reasonable hypothesis *78 than that of defendant’s guilt and must all be consistent with and point not only to her guilt but must be inconsistent with her innocence. (People v. Trimarchi, 231 N. Y. 263.) As was said by Judge Andrews, writing for a unanimous Court of Appeals In 1884 in People v. Muller (96 N. Y. 408, 411): “ It is- a false delicacy and mere prudery which would condemn and banish from sight all such objects as obscene, simply on account of their nudity. If the test of obscenity or indecency in a picture or statue is' its capability of suggesting impure thoughts, then indeed all such representations might be considered .as indecent or obscene. The presence of a woman of the purest character and of the most modest behavior and bearing may suggest to a prurient imagination images of lust, and excite impure desires, and so may a picture or statue not in fact indecent or obscene.” Defendant’s conduct herein, judged by the foregoing standards, cannot by any interpretation be considered lewd beyond a reasonable doubt.
The People having failed to prove the fourth essential element, lewdness, beyond a reasonable doubt, defendant is found not guilty.
I view the present state of the law as not prohibiting nudity in any public place so long as the nudist does not act in a lewd manner. (The sole exception appears to be exposure of the breasts of a female [Penal Law, § 245.01].) To prevent further violations, this problem should be resolved in the Legislature by appropriate new legislation.
An additional question to be determined by the court is: can the defendant be found guilty of exposure of a female (Penal Law, § 245.01) as a lesser included offense? Decision is reserved until January 3, 1973, at the request of counsel, for submission of legal memoranda.

 As a result of this decision in 1935, the Legislature passed and Governor Lehman signed into law section 1140-b of the old Penal Law incorrectly described by the press as “ the Anti-Nudity Law ”. That section, which was not carried over into the present Penal Law, would not-have prohibited the conduct of the defendant in this ease either.