STATE OF HAWAII, Plaintiff-Appellee *v.* BRUCE D. BULL, JILL M. BULL, MICHAEL L. DAVIDSON, RAE ANN CARACHER, and STEVEN GREENBAUM, Defendants-Appellants

NO. 5950

MAY 18, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.*

OPINION OF THE COURT BY MENOR, J.

The appellants were convicted of the offense of open lewdness under the provisions of HRS § 712-1217 which provides:

"Open Lewdness. (1) A person commits the offense of open lewdness if in a public place he does any lewd act which is likely to be observed by others who would be affronted or alarmed."

The facts in these cases were stipulated and are uncomplicated. In the case of appellant Greenbaum, it was agreed that he was seen by a police officer bodysurfing in the nude at

---

*Justices Kobayashi and Kidwell, who heard oral argument in this case, retired from the court on December 29, 1978 and February 28, 1979, respectively. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

Small Beach, Makena, on the Island of Maui. With respect to the other appellants it was stipulated as follows:

"That on the 5th day of June, 1975, Defendants BRUCE D. BULL, JILL M. BULL and RAE ANN CARACHER were arrested when they were found sunbathing in the nude at Small Beach, Makena, Maui, Hawaii, a public place and an area where they were likely to be observed by others who would be affronted or alarmed. On the same date and at the same time, 1:25 o'clock P.M., Defendant MICHAEL L. DAVIDSON was arrested when he was found swimming in the ocean while in the nude fronting Small Beach, Makena, Maui, Hawaii."

The principal issue on appeal is whether sunbathing in the nude in a public place where the sunbather is likely to be observed by others who would be affronted or alarmed is a "lewd act" within the meaning of the statute.

We find no difficulty in holding that the intentional exposure to public view of one's genitals is a lewd act within the proscription of the statute. Webster's Third International Dictionary (1967) defines the term "lewd" as follows:

LEWD — 1. . . . (b) BASE, EVIL, WICKED . . . 2. (a) sexually unchaste or licentious; DISSOLUTE, LASCIVIOUS (b) suggestive of or tending to moral looseness: inciting to sensual desire or imagination: INDECENT, OBSCENE, SALACIOUS.

Among the definitions of "lewd" in Webster's are "suggestive of or tending to moral looseness: inciting to sensual desire or imagination." That the exposure of certain of the most intimate parts of the human body is still capable of provoking sexual desire or imagination, even in this day and age, ought to require no further elaboration. *See City of Seattle v. Buchanan*, 90 Wash.2d 584, 584 P.2d 918 (1978). Moreover, the exposure of one's person to the public view was indictable as open lewdness under the common law. 4 Blackstone's Commentaries 64 (1859). *See also Faulkner v. State*, 146 Fla. 769, 1 So.2d 857 (1941); *Commonwealth v. Broadland*, 315 Mass. 20, 51 N.E.2d 961 (1943). *Cf. State v. Rocker*, 52 Haw. 336, 475 P.2d 684 (1970); *State v. Miller*, 54 Haw. 1, 501 P.2d 363 (1972).

In *Commonwealth v. Broadland, supra,* the defendant was charged with exposing "to the view of [members of the public] his body and person naked and uncovered." He was charged and convicted of the common law offense of indecent exposure. In affirming his conviction, the Massachusetts court observed that the evidence clearly would have warranted a verdict of guilty of the statutory offense of "open and gross lewdness and lascivious behavior" had he been charged under the statute.

In *Faulkner v. State, supra,* the defendant was charged and convicted of having been "a lewd, wanton and lascivious person, by . . . exposing parts of his person in the presence and view of a certain [named] female, . . . and divers [sic] other female persons." In disposing of the defendant's argument that he should have been charged under the indecent exposure statute, the court explained that the facts could have supported either charge. The court said:

"We agree with counsel for appellant that Section 7588 [indecent exposure] makes unlawful the alleged conduct of appellant and the facts adduced would clearly support the charge. The two offenses prohibited by Sections 7588 [indecent exposure] and 7655 [lewdness] are closely related to such an extent that when a conviction is had under Section 7588 he cannot be subsequently convicted on the same set of facts made unlawful by Section 7655 and fully described in the challenged information." 1 So.2d at 857.

Further, it has been held that a statute couched in essentially the same language as HRS § 712-1217 was simply a codification of the common law offense of open lewdness. *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244 (1976). We are disposed to agree. While the commentaries to the provisions of the Hawaii Penal Code are not evidence of legislative intent, they may nevertheless be utilized as an aid to understanding its provisions. HRS § 701-105. The commentary to HRS § 712-1217 states:

"This section penalizes open lewdness which does not amount to a sexual offense under Chapter 707 of this Code [for example HRS § 707-738], but which "amounts to

gross flouting of community standards in respect to sexuality or nudity in public."

We are aware that at least two courts have held that sunbathing in the nude, without more, will not provide the basis for a lewd conduct conviction. *See In re Smith*, 7 Cal.3d 362, 102 Cal.Rptr. 335, 497 P.2d 807 (1972); *People v. Hardy*, 77 Misc.2d 1092, 357 N.Y.S.2d 970 (1974).

In *Smith* the defendant, who had been arrested while sunbathing in the nude on an isolated beach, was convicted of indecent exposure under a statute which provided that a person "who wilfully and lewdly . . . [e]xposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . is guilty of a misdemeanor." In vacating the judgment, the California court found that the statute itself declared that to commit the act proscribed "wilfully and lewdly" meant to do so "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the persons involved." It further stated:

"[A] person does not expose his private parts 'lewdly' within the meaning of [the statute] unless his conduct is sexually motivated. Accordingly, a conviction of that offense requires proof beyond a reasonable doubt that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification, or affront." 497 P.2d at 810.

The California statute as so construed is thus placed in the same category as Hawaii's present indecent exposure statute, *see* HRS § 707-738.[1] The appellants here, however, were convicted under HRS § 712-1217, for which California at that time had no close counterpart.

---

[1] HRS § 707-738 provides:

"A person commits the offense of indecent exposure if, *with intent to arouse or gratify sexual desire of himself or of any person,* he exposes his genitals to a person to whom he is not married under circumstances in which his conduct is likely to cause affront or alarm." (Emphasis added)

In *People v. Hardy, supra,* evidence that the defendant was sunbathing in the nude on a public beach along with several other individuals was held to be insufficient to sustain a conviction for public lewdness, in the absence of any evidence establishing that the defendant had intentionally exposed her private parts in a public place in a lewd manner or otherwise committed a lewd act. *See also People v. Gilbert,* 72 Misc.2d 75, 338 N.Y.S.2d 457 (1972) (female lying on her back with legs outstretched and completely exposed, and even photographed, found not guilty under the statute.) The defendant in *Hardy* had been charged under the statute which provided, in pertinent part, that "[a] person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other lewd act." The key language appeared to be the phrase "in a lewd manner." The dissenting justice said:

"The ruling by the majority places an interpretation [of the statute] that permits a person to appear in public completely exposed so long as he or she does not simultaneously act in a lewd manner. Thus, the 'streakers' of today may be the complacent unadorned 'strollers' of tomorrow, for whom our schools, streets, beaches, parks, and other public facilities, become a stage for display of their form of exhibitionism at the expense of others who are compelled to be a captive audience. Uninhibited by law and unconcerned for the rights of others, these individuals are allowed to foist upon society their peculiar idiosyncrasies and standards of indecency despite the fact that infringement of the rights of others by offensive conduct is not protected by the constitutional guarantee of freedom of expression." 357 N.Y.S.2d at 971.

In our view of HRS § 712-1217, the intentional exposure of one's private parts, where they are likely to be observed by others, is a "lewd act" within the meaning of the statute. *Commonwealth v. Broadland, supra; Faulkner v. State, supra. Cf. Commonwealth v. Heinbaugh, supra; United States ex rel. Huguley v. Martin,* 325 F.Supp. 489 (D.Ga. 1971). Only a general intent, however, is required. HRS § 712-1217. *Cf. State v. Rocker,* 52 Haw. 336, 475 P.2d 684 (1970); *State v.*

*Nelson,* 178 N.W.2d 434 (Iowa 1970). In *Rocker,* this court said:

> "The intent necessary is a general intent, not a specific intent; i.e., it is not necessary that the exposure be made with the intent that some particular person see it, but only that the exposure was made where it was likely to be observed by others. Thus, the intent may be inferred from the conduct of the accused and the circumstances and environment of the occurrence." 52 Haw. at 340, 475 P.2d at 687.

Accordingly, we hold that the convictions of appellants Bruce D. Bull, Jill M. Bull, and Rae Ann Caracher were proper under the statute. We are not satisfied, however, that the stipulated facts in this case are sufficient to support the convictions of appellants Steven Greenbaum and Michael L. Davidson. Both appellants Greenbaum and Davidson were in the water bodysurfing and swimming, and there is no clear indication in the record that at the time in question there was that likely exposure to public view of those body parts which is essential to the offenses charged.

Affirmed as to appellants Bruce D. Bull, Jill M. Bull, and Rae Ann Caracher. Reversed as to appellants Greenbaum and Davidson.

*Marshall Christopher Peterson,* Deputy Public Defender for Defendants-Appellants.

*Ernest K. C. Ching,* Deputy County Attorney for Plaintiff-Appellee.