## STATE OF FLORIDA v FORMENTO, et al.

Case Nos. 86-010 AC; 86-011 AC and 86-018 AC (County Court
Case Nos. 85-75962; 85-76775 and 85-78971)

Eleventh Judicial Circuit, Appellate Division, Dade County

May 5, 1987

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Deborah J. Turner,** Assistant
Attorney General, for appellant.

**Barry J. Halpern** for appellee.

Before KAYE, MASTOS, GREENBAUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

The contention of Appellees that the arrest form failed to state
sufficient facts to allege the crime is without merit. The arrest form
described in detail the offensive nature of the act.

The charging document, while merely tracking the statute, was
nonetheless sufficient to properly inform the defendant of the act

complained of and put the defendant on notice. *Johnson v. State*, 351 So.2d 10 (Fla. 1977).

As to the merits of the case, we find the act complained of, i.e. the exposure of one's sexual organs, specifically the vagina and labia, was done in such a manner as to meet the test of "a lascivious exhibition of those private parts of a person which common propriety required to be customarily covered in the presence of others." *Hoffman v. Carson*, 250 So.2d 891 (Fla. 1971). Furthermore, such display, especially for hire or monetary gain, cannot by any reasonable interpretation, be for any other purpose than an "unlawful indulgence in lust, eager for sexual indulgence, *Chesebrough v. State*, 255 So.2d 675 (Fla. 1971).

In addition, such acts performed before only one person are none the less lewd, since the performance was one designed to attract the public and not contemplated to be held in the privacy of one's home, *Chesebrough*, supra, at 678.

For the reasons above we feel the lower court erred in granting dismissal of the State's charge.

REVERSED AND REMANDED.