137 So.2d 610 (1962)
William J. WILLMONT and Laura J. Willmont, His Wife, Appellants,
v.
Frank A. TELLONE and Helen Tellone, His Wife, Appellees.
No. 2376.
District Court of Appeal of Florida. Second District.
February 9, 1962.
R.M. Cargell and Sheldon A. Lindsey, St. Petersburg Beach, for appellants.
Edward A. Linney of Nelson, Linney & Nelson, St. Petersburg, for appellees.
SHANNON, Chief Judge.
The case below originated in an equity suit by Ruth Marshall against Frank A. Tellone and Helen Tellone, his wife, and William J. Willmont and Laura J. Willmont, his wife, and was primarily a suit for rescission of a lease of one of a twelve unit apartment owned by the defendants, Tellone. Defendants, Willmont, filed a counterclaim against the Tellones but asked for no relief against Ruth Marshall.
It appears from the record that both Ruth Marshall and the Wilmonts had agreed to rent one apartment each and both had, in closing the transactions, traded certain real estate to the Tellones, in lieu of cash. The record also shows that Frank A. Tellone and Helen Tellone, his wife, owned a certain described apartment building which *611 contained twelve units, and, in accordance with their plan to lease the apartments at a certain price for ninety-nine years, a corporation would be formed in which each apartment owner would have one share of stock. It also appears from the record that other than the two described apartments no others were sold and this suit resulted. The defendants, Tellone, no longer having the land that they had received from Ruth Marshall, the court decreed as follows:
"That the Defendants, FRANK A. TELLONE and HELEN TELLONE, pay unto the Plaintiff, RUTH MARSHALL, the sum of $8,650.00, together with interest at the rate of six per cent (6%) per annum thereon from the 15th day of October, 1959, to date of payment, in cash, within thirty (30) days from the date of this Order, and that upon receipt of such payment that the Plaintiff, RUTH MARSHALL, execute and deliver unto the Defendants, FRANK A. TELLONE and HELEN TELLONE, an absolute and unconditional cancellation of their lease and any other right, title and interest that they may have in and to that certain apartment described as Apartment No. 1 in the RITZ APARTMENTS, located at 633 71st Avenue, St. Petersburg Beach, Florida."
Insofar as Ruth Marshall is concerned the above portion of the final decree was apparently complied with and she is not a party to this appeal. We are herein concerned solely with the dispute between the Tellones and the Willmonts.
In the final decree the chancellor had the following to say in regard to this particular claim:
"* * * and the Court having been advised in open Court by the Plaintiff and the Defendants, WILLIAM J. WILLMONT and LAURA J. WILLMONT, that there is no issue of fact other than the claim by the Defendants, FRANK A. TELLONE and HELEN TELLONE, predicated upon an alleged violation of the Florida Securities Act, according to the statutes in such cases made and provided, and a dispute in fact between the defendants, WILLIAM J. WILLMONT and LAURA J. WILLMONT, and FRANK A. TELLONE and HELEN TELLONE, with reference to the effect of rescission as a matter of law, and to the ability of either party to return the other party to status quo so that the rescission might, or might not, be affected with regard to the law and to the facts, * * * and it further appearing to the Court that there is no such thing under the laws of Florida as a partial rescission and that rescission must be in toto, and it appearing to the Court that there has been a mutual rescission of the contracts between all the parties concerned, and it further appearing to the Court that the parties can be returned to status quo without damage to either party and that in equity and in good conscience the parties should be returned to status quo, and it appearing to the Court that the only possible means of returning the Plaintiff to status quo would be by returning to her the equivalent value of the property transferred by her to the Defendants, FRANK A. TELLONE and HELEN TELLONE, inasmuch as said property has been sold, and it appearing to the Court that the only possible means of returning the Defendants, WILLIAM J. WILLMONT and LAURA J. WILLMONT to status quo would be by causing a reconveyance to them of the lands transferred by them to the Defendants, FRANK A. TELLONE and HELEN TELLONE, at their agreed valuation at the time of transfer, and it appearing to the Court that WILLIAM J. WILLMONT and LAURA J. WILLMONT have received the sum of $6,500.00 in cash from the Defendants, FRANK A. TELLONE and HELEN TELLONE, and the Court being fully advised in the premises:

*612 "IT IS THEREUPON, ORDERED, ADJUDGED AND DECREED:
* * * * * *
"That Defendants, FRANK A. TEILONE and HELEN TELLONE, by good and sufficient warranty deed, grant and convey unto Defendants, WILLIAM J. WILLMONT and LAURA J. WILLMONT, those certain premises located in St. Petersburg, Florida, and more particularly described as follows: * * *".
The decree further provides that the Willmonts execute and deliver to the Tellones an unconditional cancellation of their lease and also that they pay to the Tellones the sum of $6,500.00 in cash within thirty days from the date of the order. This is the amount paid by the Tellones as the agreed to difference in value of the properties traded.
The appellants, the Willmonts, have set forth seven points in their brief. However, we need discuss only two of them, namely, 1) whether or not the sale of a ninety-nine year lease accompanied by a promise to form a corporation in which each lessee was to receive one share of stock in the corporation to be formed in futuro is, as a matter of law, a violation of the Florida Securities Act, Ch. 517, Florida Statutes, 1959, F.S.A., and 2) whether or not the court had authority to require rescission rather than the granting of a money judgment and lien where the only reason assigned for the rescission is "frustration of purpose."
With reference to the argument that there was a violation of the Florida Securities Act, the appellants have cited us no case in point, although they quote from an article in Volume 12 of the University of Miami Law Review, Page 13, under the title, Co-operative Apartments in Florida. But it is interesting to note from the record that the corporation was never formed; that the Tellones were the lessors of a ninety-nine year lease; and that the stock to be issued by the corporation to be formed was merely an incident of ownership for voting purposes only. It is further to be noted that the agreement itself makes no reference to the transfer of stock and recites a consideration for the lease. It is quite apparent that all that the Willmonts obtained was a ninety-nine year lease. The purpose of the corporation was to be purely incidental to the actual lease of the co-operative apartment  in other words, a vehicle by which control could be exercised. The facts in this case can in no sense be construed as a violation of the Florida Securities Act.
As to the second point, wherein the appellants complain of the order of rescission, the appellees, Tellone, take the position in their brief that rescission was mutually agreed to by the parties, but whether or not this be true, the record itself shows that the co-operative apartments as such could not be sold. In International Realty Associates, Inc., v. McAdoo, 1924, 87 Fla. 1, 99 So. 117, the supreme court affirmed the dismissal of a bill of complaint wherein the only ground urged for rescission was breach of contract. In its opinion the court stated:
"The rule is well settled in this country that cancellation or rescission will not be granted solely for breach of contract, in the absence of fraud, mistake, undue influence, multiplicity of suits, cloud on title, trust, or some other independent ground for equitable interference. * * *"
The facts in the McAdoo case are quite dissimilar to those presently before us. In the instant case the parties were placed in status quo and all of the facts taken together warranted the decree of rescission. The appellants discuss such matters as differences in value, tax situations, etc. However, it is to be assumed, and this court holds, that the chancellor in his decree took into consideration all of the factors involved in the suit and hence the appellants have failed to make reversible error clearly *613 appear to us in the two grounds that are discussed herein, as well as in the other grounds.
Affirmed.
ALLEN and SMITH, JJ., concur.