CARROLL, Judge.
This is an appeal by the plaintiff below from an adverse judgment in a law action brought under Chapter 517, Fla.Stat., F.S. A., the Florida Sale of Securities Act, to avoid an alleged sale of unregistered securities.
*460 The definition of “security” as set out in § 517.02 includes “any transferable share, investment contract, or beneficial interest in title to property.” Section 517.21(1) provides that a sale made in violation of a provision of the Act “shall be voidable at the election of the purchaser” and that the person making the sale and every director, officer or agent of the seller who shall have personally participated or aided in any way in making the sale “shall be jointly and severally liable to the purchaser in an action at law * * * upon tender of the securities sold or the contract made, for the full amount paid by such purchaser, with interest, together with all taxable court costs and reasonable attorney’s fees.”
The cause was tried without a jury. Judgment was granted to the defendants, on the ground that the transaction upon which the plaintiff relied was not a sale of securities. The material facts were sufficiently set out in an opinion prepared and filed by the trial judge, as follows:
“The facts of this case are as follows: From 1957 until June of 1960, Defendant Rever held title to certain land, as trustee for a syndicate. The Plaintiff was one of the members of the syndicate during this time. In June of 1960, to provide stability and due to Defendant Rever’s ill health, a corporation was formed and the syndicate’s land was transferred to it. In return for the land, stock was issued to the Defendants, Rever and Fiedelbaum, an active member of the syndicate. Rever and Fiedelbaum were to hold the shares as trustees for the syndicate. Investors in the S3'ndicate were informed that their beneficial interest in the land was now represented by beneficial interest in the stock of the corporation which owned the land. Plaintiff commenced an action under Chapter 517 of the Florida Securities Act, otherwise known as the ‘Blue Sky Laws.’ Plaintiff claims that because the shares issued were not registered, and because such an exchange falls under Section 517.02(1) F.S.A., which defines ‘sale’ as an ‘exchange,’ he is entitled to the original amount paid for his interest in the land syndicate.”
Section 517.21 of the statute, which confers the right on a purchaser to elect to avoid such a sale and makes provision for filing suit, limits the time within which action can be brought thereon to two years from the date of such sale. Here the initial sale to the plaintiff of his five percent beneficial interest in the property took place in May of 1957. Without deciding whether that transaction amounted to a sale of securities within the meaning of the cited statute, it is apparent that if it did constitute a sale under the statute an action by a purchaser to avoid the sale would have to be brought within two years from May, 1957.
We are inclined to agree with the able trial judge that when the trustee transferred the property to a corporation and, with another, received in return the stock of the corporation, which they then held in trust for the syndicate members on the proportionate basis of their prior beneficial title interests, that transaction did not constitute a sale of stock or of plaintiff’s title interest so as to give rise to an action under the statute to avoid a sale of unregistered securities. That transfer was not a sale. No price or consideration was involved. There was only a change in the form of ownership by the trustee, with corresponding change in the nature of the beneficial interest of the syndicate members. We pretermit comment on whether the practice followed in this instance amounted to a device to circumvent security registration requirements or other provisions of the Sale of Securities Act. Determination of that question would appear to be beyond the scope of this appeal.
For the reasons stated, the judgment is affirmed.
Affirmed.