LILES, Acting Chief Judge.
Appellant was charged on June 20, 1968, with breaking and entering with intent to commit a misdemeanor. Subsequently, he was incarcerated in Texas and a detainer was issued by the Texas Department of Corrections on June 4, 1969, based on the arrest warrant issued by the Sixth Judicial Circuit dated October 3, 1968. On November 9, 1970, appellant requested disposition of the charges pending in the Sixth Judicial Circuit. The request was received by the Clerk of the Circuit Court on November 16, 1970, but was not officially filed until March IS, 1971, thus bringing it under CrPR 3.191(b)(3), 33 F.S.A. In re Florida Rules of Criminal Procedure (Fla.1971) 245 So.2d 33, 37. Nothing further was done until March 17, 1972, when a motion for discharge was filed on his behalf based upon his earlier request. Following a hearing on the motion for discharge the trial judge denied the said motion and the defendant entered a plea of nolo contend-ere. The public defender on behalf of appellant reserved the right to appeal the trial judge’s denial of his motion for dismissal based on a lack of speedy trial. The court accepted the plea of nolo con-tendere, adjudicated the defendant guilty *391 and sentenced him to serve eighteen months in the state prison with credit for all time spent in any jail since November 16, 1970, that being the date appellant’s formal request that something he done about the detainer on his person was received by the Clerk.
Appellant maintains that the court erred in not dismissing the charge pending in the Sixth Judicial Circuit and bases his contention on CrPR 3.191(b)(3):
“A person who is imprisoned upon conviction of a crime in a penal or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information or trial affidavit issued or filed under the laws of this State, is entitled to a speedy trial upon demand filed with the court having jurisdiction and upon service on the prosecuting attorney. After the demand has been filed, such person is entitled to a trial within the periods of time established by § (b)(2), commencing after the prosecuting attorney has filed a detainer or has otherwise attempted to secure the presence of the accused for trial or within a reasonable time as determined by the court if the prosecutor has not acted in response to the demand for trial; and if not brought to trial within such period of time shall upon motion timely filed with the court and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for return to this jurisdiction for trial during such period of time. No rights shall accrue to a person under this section if such person refuses to execute every waiver, consent or release necessary to secure his return to this jurisdiction, or if the custodial officials of the jurisdiction in which the prisoner is confined refuse to release him for return to this jurisdiction for trial while such refusal continues.”
The" State counters by saying that in entering a plea of nolo contendere the appellant did not clearly reserve the right to appeal the trial judge’s denial of his motion for discharge and they cite Chesebrough v. State, Fla.1971, 255 So.2d 675. This, of course, is refuted by the plain and unequivocal language of Mr. Moriarty, public defender on behalf of appellant, when he said:
“MR. MORIARTY: May it please the Court, the defendant has indicated to me that he wants to change his plea from not guilty to nollo contendere, reserving the right to appeal the Court’s denial of my motion for dismissal on the basis of the speedy trial, that the State would provide a speedy trial.”
The State then says that assuming, arguendo, that there was a proper reservation of the point of law on appeal, appellant has failed to fully comply with the Florida Rules of Criminal Procedure 3.-191(b)(3), in that it fails to set forth with particularity the nature and term of sentence as required by the rule.
A cursory examination of appellant’s request for disposition of pending charges received November 16, 1970, and filed March 15, 1971, makes it crystal clear that he is incarcerated in the Texas Department of Corrections at the Central Unit; that his minimum discharge date is the 18th day of January, 1981; and that on June 4, 1969, the Texas Department of Corrections issued a detainer on him based upon an arrest warrant filed in the Sixth Judicial Circuit on or about the 3rd day of October, 1968. We fail to see the ambiguity alleged by the State.
In this case the appellant did what the rule requires. He demanded a speedy trial. He was denied one. The motion to discharge should have been granted.
Reversed and remanded for action consistent with this opinion.
HOBSON and McNULTY, JJ., concur.