LILES, Acting Chief Judge.
Appellee was charged with the offense of receiving and concealing stolen property. Following a jury trial and conviction, the trial judge granted a new trial on the grounds that the search warrant did not sufficiently describe the property to be seized because it did not contain as complete a description of the property to be seized as was available to the State at the time of application for the search warrant. The items allegedly stolen were socket wrenches, meter, timing light, well meters, radios, drills and other mechanics’ tools located at Gulf Coast Motors. Two of the sockets allegedly stolen were metric sockets having the letter “F” for Frank Bachelor, who was a mechanic at Gulf Coast Motors, and other markings that he had on some of the tools.
Robert L. Bell testified that he and Wilbur Bolius committed the burglary and they identified certain of the tools that they had taken from Gulf Coast Motors. He further testified that he sold these tools to the appellee, Richard E. Hutchins, for the sum of $75.00. Both Bell and Bolius accompanied the officers when the search was made and they identified the property that they had stolen and sold to appellee, Richard E. Hutchins. They further identified the socket wrench and numerous and sundry other tools.
We believe the trial court erred in granting a new trial based on the fact that the warrant did not sufficiently describe the property. While it is true the warrant did not describe all of the property seized, it did describe a sufficient amount of the property; and that which was not described by the warrant was further identified by the burglars. If some of the tools were improperly seized, those which were properly seized should not have been suppressed.
We believe the search warrant sufficiently described certain of the items seized and coupled with the identification of the items by the burglars there was probable cause to believe the items were *379 stolen property. Ludwig v. State, Fla.App.1968, 215 So.2d 898.
For the foregoing reasons, the cause is reversed and remanded for action consistent with this opinion.
MANN and McNULTY, JJ., concur.