281 So.2d 41 (1973)
Jimmy Glen WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 72-733.
District Court of Appeal of Florida, Second District.
July 11, 1973.
Rehearing Denied August 23, 1973.
*42 James A. Gardner, Public Defender, and Elliott C. Metcalfe, Jr., Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
On August 28, 1972, appellant changed his guilty plea to a plea of nolo contendere to an information charging him with robbery. His plea clearly reserved the right to appeal the trial judge's denial of his motion for discharge.[1] Appellant's plea was accepted by the court and he was sentenced to the Division of Corrections to serve a sentence of five years.
On August 15, 1972, at the hearing on appellant's motion to discharge, the appellee, the State of Florida, stipulated to the facts and, consequently, is bound thereby on this review. It appears from said stipulation that the offense occurred on October 7, 1970, in Pasco County, Florida, the following day appellant left the State of Florida and traveled to Ohio. Several days later, on December 2, 1970, appellant turned himself in to the Ohio authorities for the commission of the Florida robbery. On the same day, an arrest warrant for appellant was issued from Pasco County, Florida. On the following day, December 3, appellant voluntarily waived extradition. According to appellant's testimony, to which the state stipulated as being factually true, on January 4, 1971, an Ohio judicial official dismissed the Florida warrant because Florida officials did not pick appellant up. It therefore is evident that the Pasco County law enforcement authorities had knowledge that appellant was in custody in the State of Ohio. It is reiterated that this fact and other material facts were stipulated to by the assistant state attorney. On January 7, 1971, a direct information was filed in Florida charging appellant with the crime of robbery. The following day, January 8, 1971, appellant pled guilty to the Ohio robbery and was sentenced to serve from 1 to 25 years in the Ohio State Prison. On February 17, 1972, appellant was paroled and moved to Indiana where he was gainfully employed. On May 31, 1972, appellant was taken into custody and subsequently returned to Florida for the October 7, 1970, Florida robbery. On August 11, 1972, appellant filed his motion for discharge on August 18, 1972. Thereafter, appellant entered his nolo contendere plea and this timely appeal ensued.
The sole issue for our consideration is whether the trial court erred in denying appellant's motion for discharge pursuant to RCrP 3.191(d)(1), 33 F.S.A.
We have very meticulously and painstakingly read the record, files and briefs. Oral argument was waived. We have perhaps, it could be said, spent more time in rendering our decision than we would under normal circumstances, for we have, we believe, labored considerably in an attempt to reconcile the facts of the case to the several specific provisions of the Speedy Trial Rule.
The record before us is scant and we are obliged to rely entirely on the facts which have been agreed to by the respective parties in the stipulation, supra. We conclude, after reading the stipulation, that the state, appellee, had notice of the whereabouts of Walker at least on January 4, 1971, the date of the dismissal of the Florida warrant by the Ohio authorities. It may reasonably be concluded that the *43 Pasco County law enforcement authorities were apprised of the whereabouts of appellant on December 3, 1970, the date he waived extradition in Ohio on the Florida charge. When appellant filed his motion for discharge on August 11, 1972, more than 180 days had elapsed from the time the Pasco County law enforcement authorities learned of his whereabouts in the State of Ohio. As a matter of fact, far more than 180 days had elapsed.
We point out that the Speedy Trial Rule became effective on March 1, 1971. We believe that the state under the factual circumstances in this case had the duty to at least attempt to apprehend the appellant and return him to Florida to stand trial for the Florida offense. According to the stipulation, the state did precisely that when it apprehended the appellant in the State of Indiana on May 31, 1972. By that time the appellant had already been released and placed on parole for three months on the Ohio charge. It can be easily discerned that the state did act but, we submit, too late. As the saying goes "the boat had already left the dock."
Accordingly, we conclude that the trial judge erred in not granting appellant's motion for discharge filed in accordance with Rule 3.191(d)(1), RCrP, Speedy Trial Rule, and, therefore, we reverse and remand the case with directions to the trial judge to discharge appellant.
LILES, J., concurs.
MANN, C.J., concurs specially, with opinion.
MANN, Chief Judge (concurring specially).
I agree. Walker was not "imprisoned upon conviction of a crime"[1] in Ohio at the time he was "taken into custody as a result of the conduct or criminal episode giving rise to the crime charged."[2] The State has made no showing of non-availability for trial.[3] Consequently, as Judge Boardman says, it had its chance and lost it.
NOTES
[1] See Shreves v. State, Fla.App. 1972, 269 So.2d 390; State v. Hutchins, Fla.App. 1972, 269 So.2d 377; Chesebrough v. State, Fla. 1971, 255 So.2d 675; State v. Ashby, Fla. 1971, 245 So.2d 225.
[1] CrPR 3.191(b)(3).
[2] CrPR 3.191(a)(1).
[3] CrPR 3.191(e).