285 So.2d 41 (1973)
Robert C. MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 72-777.
District Court of Appeal of Florida, Second District.
October 3, 1973.
Rehearing Denied November 30, 1973.
Robert E. Jagger, Public Defender, and Jeffrey L. Myers, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant was charged in a 12-count information with violation of the Sale of Securities laws, Chapter 517, Florida Statutes, F.S.A. He entered a plea of not guilty at arraignment. Appellant filed pretrial motions attacking the statute and the information under which he was charged. The said motions were denied by the trial court.
After the jury was sworn, counsel for appellant, while in the process of making his opening statement to the jury was interrupted by the prosecutor and objection was made by him to the statements of appellant's counsel. The trial judge excused the jury and heard legal arguments of counsel for the parties that primarily concerned the issue of whether the state's evidence was securities as a matter of law. The evidence consisted of stock certificates and promissory notes. The trial court, after due deliberation, ruled that the said evidence was securities as a matter of law.
Faced with this adverse ruling, counsel for appellant changed the plea of not guilty to a plea of nolo contendere. The record discloses that counsel for the parties entered into a stipulation, which was approved by the trial court, in which appellant clearly reserved the right to appeal the trial court's rulings on all pretrial motions and matters arising during the trial. There is, of course, ample authority supporting this proposition of law.[1]
After the trial court determined that the plea of nolo contendere was entered voluntarily, knowingly and understandingly, it was accepted by the court and appellant was found guilty as charged. Presentence investigation followed. Appellant was sentenced to serve a term of six months to three years in the state penitentiary. Appellant filed this timely appeal.
We are presented with the sole issue of whether the trial court erred by taking the *42 issue away from the jury by its ruling declaring that the documentary evidence referred to above was securities as a matter of law.
We have reviewed the record, read the briefs of the respective parties, and heard oral argument, and conclude that the trial court erred. What causes us real concern in this appeal is that the trial court's ruling amounted to a partial, if not a total, directed verdict of guilty, and, as a consequence, stripped the appellant of his right to have the jury determine this crucial and vital issue. As we read the record it is absolutely clear that the appellant's primary and perhaps only meritorious defense to the charge against him was bottomed on the premise that the said documents were not securities as a matter of fact.
Appellant's contention on appeal is that the alledged transactions involved in this case were not sales of securities, but were, on the contrary, personal loans and/or an investment in a joint venture in a Bogota, Colombia corporation. The appellant does not deny or refute that money did change hands. The issue remaining and unresolved and, we submit, should have been presented to the jury for its determination, is whether said transactions were within the purview of the Sale of Securities laws.
In Roe v. United States, 5th Cir.1961, 287 F.2d 435, the court reversed the convictions of appellants for illegal sale and delivery through the mail of securities in violation of registration requirements of the Securities and Exchange Commission. The trial judge had instructed the jury that the mineral rights sold and delivered were securities within the Federal Securities and Exchange Act. Appellants, on the other hand contended that the sale of the mineral rights in specific parcels of property would not constitute the sale of a "security" under the Act. The appellate court held:
Thus we determine that, as a matter of law, the evidence of these transactions, if credited, would constitute the sale or delivery of an "investment contract," hence a "security" thereby requiring registration with the SEC. But the if in "if credited" is a big one. By its very nature, it is the peculiar facts of the setting which turns the offer from a mere sale of property into a sale of a security. That means that the trier of fact, here a jury, must determine the issue. More than that, this being a criminal case in contrast to the more common injunction proceeding or damage suit under the Act, two principles inescapably apply. First, in Mr. Justice Jackson's words "in a civil action * * * a preponderance of the evidence will establish the case; * * * in a criminal case, [the evidence must] meet the stricter requirement of satisfying the jury beyond a reasonable doubt." S.E.C. v. C.M. Joiner Leasing Corp., 320 U.S. 344, 355, 64 S.Ct. 120, 125, [88 L.Ed. 88]. Second, and here more decisive, no fact, not even an undisputed fact, may be determined by the Judge. The plea of not guilty puts all in issue, even the most patent truths. In our federal system, the Trial Court may never instruct a verdict either in whole or in part. United Brotherhood of Carpenters and Joiners of America v. United States, 1947, 330 U.S. 395, 408, 67 S.Ct. 775, 91 L.Ed. 973; Christoffel v. United States, 1949, 338 U.S. 84, 89, 69 S.Ct. 1447, 93 L.Ed. 1826; Brooks v. United States, 5 Cir., 1957, 240 F.2d 905; Hamilton v. United States, 5 Cir., 1955, 221 F.2d 611, 615; Schwachter v. United States, 6 Cir., 1956, 237 F.2d 640, 644; United States v. Gollin, 3 Cir., 1947, 166 F.2d 123, 126, certiorari denied 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151. (Emphasis added).
We hold that the Roe case, supra, is precisely on point with the instant appeal in that the trial judge in the cited case erred in holding as a matter of law the written instruments to be securities when such issue should have been submitted to the jury as a matter of fact.
*43 Appellant has raised several additional points on appeal, however, in view of our holding, we do not deem it necessary to rule upon them at this stage of the proceedings.
Accordingly, we
Reverse and remand for new trial.
HOBSON, A.C.J., and McNULTY, J., concur.
NOTES
[1] See Walker v. State, Fla.App. 1973, 281 So.2d 41; Shreves v. State, Fla.App. 1972, 269 So.2d 390; Chesebrough v. State, Fla. 1971, 255 So.2d 675; State v. Ashby, Fla. 1971, 245 So.2d 225.