298 So.2d 433 (1974)
Lonnie WILSON, Jr., a/k/a Lonnie Durham, Appellant,
v.
STATE of Florida, Appellee.
No. 73-450.
District Court of Appeal of Florida, Fourth District.
August 2, 1974.
*434 Edward A. Gross and Mabie & Donaldson, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas M. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This appeal involves the propriety of the trial court's denial of appellant's motion to sever in a criminal case.
Appellant and another defendant, Wright, were informed against in a five count information. The first three counts charged offenses against Wright only. The last two counts charged offenses against appellant only. The information did not charge each of the defendants with accountability for each of the offenses charged; it did not charge a conspiracy by the two defendants, nor did it allege that the several offenses charged were part of a common scheme or plan.
Prior to trial, at the commencement of the trial, and on several occasions during trial, appellant moved for a severance on the ground that joinder of the two defendants in the information in this case was improper under Rule 3.150(b), RCrP, which provides that:
"Two or more defendants may be charged in the same indictment or information upon which they are to be tried:
(1) when each defendant is charged with accountability for each offense charged;
(2) when each defendant is charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to have been committed in furtherance of the conspiracy; or
(3) when, even if conspiracy is not charged and all defendants are not charged in each county, it is alleged that the several offenses charged were part of a common scheme or plan."
On each occasion the court denied the motion. The jury found both defendants guilty. Appellant moved for a new trial, once again directing the court's attention to the improper joinder.
The sole point on appeal is whether a motion for severance must be granted when two or more defendants are joined in a multi-count indictment or information unless the charging document makes one of the following allegations: (a) each defendant is charged with accountability for *435 each offense, or (b) each defendant is charged with conspiracy, or (c) the several offenses charged are part of a common scheme or plan. The answer lies in the interpretation of Rules 3.150(b) and 3.152(b), RCrP, and authorities construing similar federal rules.
Rule 3.150 RCrP, became effective February 1, 1973. Its predecessor, Rule 1.140(d)(5), authorized the joinder of two or more defendants if the charging document alleged the defendants participated in the same act or transaction or in the same series of acts or transactions constituting the offense. Rule 1.140(d)(5), was taken from Rule 8(b), Federal Rules of Criminal Procedure. Under these circumstances Florida courts will look to federal decisions for guidance in construing Rule 1.140(d)(5). Savage v. Rowell Dist. Corp., Fla. 1957, 95 So.2d 415; Dorr-Oliver, Inc. v. Linder Industrial Machinery Co., Fla. App. 1972, 263 So.2d 237. Federal decisions construing Rule 8(b) uniformly hold that severance is mandatory if the defendants are misjoined in the charging document. See, e.g., Haggard v. United States, 369 F.2d 968 (8th Cir.1966); United States v. Eagleston, 417 F.2d 11 (10th Cir.1969). To determine whether the joinder is proper or not one must look to the allegations of the charging document. If they are insufficient there is a misjoinder and severance is required upon motion. The question of the court's discretion to grant or deny severance only arises when the joinder of several defendants is proper under Rule 14, Federal Rules of Criminal Procedure (the rule after which our Rule 3.152 was patterned) Haggard v. United States, supra; United States v. Harris, 458 F.2d 670 (5th Cir.1972).
In Florida the requirements for joining several defendants in a multi-count charging document are found in Rule 3.150(b). If the charging document does not meet the requirements set forth in Rule 3.150(b), a defendant (upon motion) is entitled to a severance without a demonstration of prejudice. The onus is not on the defendant but on the state to show its authority for joining several defendants in one indictment or information. Rule 3.152(b) comes into play and requires a showing of prejudice when the joinder was proper in the first instance because it was authorized by Rule 3.150. United States v. Harris, supra. The information in the present case clearly failed to fall within any of the categories which authorize the joinder of several defendants. Therefore appellant was entitled to a severance upon the filing of his written motion.
The state's argument that appellant has failed to show any prejudice resulting from the joint trial misses the mark. Procedural rights such as this are not to be granted or denied in the discretion of the court. They are vested rights the denial of which constitutes reversible error. Birge v. State, Fla. 1957, 92 So.2d 819; Raysor v. State, Fla.App. 1973, 272 So.2d 867. As pointed out in Metheany v. United States, 365 F.2d 90, 94-95 (9th Cir.1966):
"... any misjoined defendant who suffer[s] a conviction [is] entitled to a new trial separate from the others for the reason that `[i]t cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defence, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions.'"
This case was briefed and argued as though the joinder was based on the criteria set forth in Rule 3.150 RCrP. We glean from our study of the record that the information predates Rule 3.150, and that in fact the joinder was based on the criteria set forth in Rule 1.140. In any event, the result is the same, as both rules require allegations justifying the joinder of two or more defendants in one charging document, and there were no such allegations here.
*436 Accordingly, the judgment and sentence appealed from is reversed with directions to grant appellant a new trial.
MAGER, J., and FISCHER, GENE, Associate Judge, concur.