334 So.2d 91 (1976)
Arthur W. TIFFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-116.
District Court of Appeal of Florida, Third District.
May 25, 1976.
Rehearing Denied July 9, 1976.
*92 Robert L. Achor, Miami, for appellant.
Robert L. Shevin, Atty. Gen, and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
The appellant, Arthur W. Tifford, was one of the defendants in an information which charged him in two counts. Other defendants were charged in other counts. Defendant Tifford was charged with conspiracy to commit a felony, to wit: accessory after the fact and with being an accessory after the fact to the crimes of grand larceny, forgery and uttering forged instruments. He was found guilty by a jury, with adjudication and sentence entered thereon. This appeal followed.
Two points are presented: (1) The court erred when it denied Tifford's motion for severance from the other defendants. (2) The court erred when it denied Tifford's motion for relief for misjoinder. The points should logically be discussed in the reverse order and, therefore, we shall proceed with the point claiming that there was a misjoinder of defendants.
Rule 3.150(b), Florida Rules of Criminal Procedure, provides:
"(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information upon which they are to be tried:
"(1) when each defendant is charged with accountability for each offense charged;
"(2) when each defendant is charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to have been committed in furtherance of the conspiracy; or
"(3) when, even if conspiracy is not charged and all defendants are not charged in each county, it is alleged that the several offenses charged were part of a common scheme or plan.
"Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count."
The principal defendant at the trial of the several defendants was S.K. Bronstein who was charged in numerous counts with the appropriation of money belonging to Cedars of Lebanon Hospital Corporation, an institution in Miami, Florida. In substance, those counts charged that Bronstein, the President of the Cedars of Lebanon Hospital Corporation, wrongfully caused that hospital to issue twenty-one (21) checks to various payees, which were fraudulently endorsed and cashed and the proceeds of which were appropriated by Bronstein.
The Florida Rules of Criminal Procedure[1] provide for one trial in instances *93 involving related offenses as well as those instances involving several defendants charged with the same offense. Certainly, conspiracy to cover up a larceny is a related offense. In Wilson v. State, Fla.App. 1974, 298 So.2d 433, 434, the rule is stated that joinder is not proper unless:
* * * * * *
"... the charging document makes one of the following allegations: (a) each defendant is charged with accountability for each offense, or (b) each defendant is charged with conspiracy, or (c) the several offenses charged are part of a common scheme or plan. The answer lies in the interpretation of Rules 3.150(b) and 3.152(b), RCrP, and authorities construing similar federal rules."

* * * * * *
We hold that the joinder of defendant Tifford with defendant Bronstein has not been shown to be error.
The second point presented urges error upon the denial of defendant Tifford's motion for severance.
CrPR 3.152(b), concerning "Severance of defendants," in pertient part, provides:
"(1) On motion of the State or a defendant, the court shall order a severance of defendants and separate trials:
"(i) before trial, upon a showing that such order is necessary to protect a defendant's right to a speedy trial, or is appropriate to promote a fair determination of the guilt or innocence of one or more defendants ..."
On September 23, 1974, Tifford moved the circuit court for a severance from the trial of the other defendants. That motion, in part, stated:
"COMES NOW the Defendant, ARTHUR TIFFORD, by and through his undersigned attorneys, and moves this Court for a severance from the trial of the other named defendants, and to be tried subsequent to them, pursuant to Rule 3.152(b), Florida Rules of Criminal Procedure, the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and cases decided thereunder. As grounds therefor, the Defendant respectfully submits the following:
"1. Arthur Tifford's co-defendants would, of necessity, testify in a manner exonerating him if called to testify. Tifford intends and promises to call his co-defendants to the stand so that they may do so, and they have each and all indicated they would testify as provided below.
"2. Without the testimony which is the subject matter of the co-defendants' testimony, this Defendant would lack substantial corroboration of his statement of the facts, which show a lack of criminal culpability on his part.
"3. The Defendant Bronstein would testify, once removed from criminal jeopardy; * * * In substance, Bronstein's testimony would be that he, Bronstein, never imparted to Tifford any information from which Tifford could have derived knowledge that he, Bronstein, committed the offenses of larceny, forgery and uttering forged instruments with which he, Bronstein, is charged. [etc.]
"4. The Defendant Turner would testify, once removed from criminal jeopardy; * * * In substance, Turner's testimony would be that he, Turner, never imparted to Tifford any information from which Tifford could have derived knowledge of the true identity of the purported confidential consulting architects. [etc.]
"5. The Defendant Abbott would testify, once removed from criminal jeopardy; * * * In substance, Abbott's testimony would be that he, Abbott, never imparted to Tifford any information from which Tifford could have derived *94 knowledge of the true identity of the purported confidential consulting architects, * * *
"6. Unless granted a severance from the trial of the co-defendants described above, this Defendant will be unable to corroborate his version of the facts which demonstrate a lack of criminal culpability and constitute a rebuttal to the State's accusations."
Attached to Tifford's motion of September 23, 1974, for a severance was an affidavit executed by Bronstein, which, in part, stated:
* * * * * *
"5. That I [Sanford K. Bronstein] have indicated to Mr. Tifford's attorney and hereby now do to the Court that if tried first and separately from Mr. Tifford I would testify in his behalf at his trial. The substance of my testimony at Mr. Tifford's separate trial would be that he lacked any knowledge of the offenses of larceny, forgery and uttering forged instruments with which I am charged in Counts 1-64 of the Information; that I denied the existence of those facts which have become the subject matter of those counts of the within Information and that I did not inform Mr. Tifford of the true identity of the purported confidential consulting architects.
"6. Although I am charged in this case, if severed from the Defendant, TIFFORD, at trial, I would be willing and promise to testify to the foregoing facts in his behalf at a separate later trial.
"7. I would not be willing to testify in TIFFORD's behalf in a joint trial because of my rights secured by the Fifth Amendment of the United States Constitution."
On September 23, 1974, the trial court held a hearing on Tifford's motion for severance from the other defendants. In the course of that hearing, Bronstein indicated his willingness to go to trial in advance of his co-defendants.
Motions for severance are addressed to the sound discretion of the trial judge. Grech v. State, Fla.App. 1971, 243 So.2d 216. Therefore, it is incumbent upon a defendant who appeals a denial of his motion for severance to show at least a likelihood that he did not get a fair trial because of the denial of the motion to sever. The only possibility of prejudice to Tifford that is urged is that Tifford was deprived of Bronstein's testimony that he, Tifford, did not know of Bronstein's larceny. But Bronstein could not testify as to what Tifford knew or did not know. The best that Bronstein could do for Tifford would be to testify that he did not tell Tifford that he, Bronstein, was guilty. Such testimony could have had little effect. Tifford's guilty knowledge, or lack of it, had to be determined by the jury from the circumstances surrounding Tifford's actions in attempting to help Bronstein to cover up the illegal dispositions of the hospital's money.
Judicial efficiency and economy dictate one trial where possible. Cf. Eagle v. State, Fla.App. 1971, 249 So.2d 460. In addition, Bronstein's tender of his testimony was contingent upon Tifford's being tried in a "separate later trial." Thus, Bronstein's promise to testify was conditioned upon the termination of his own trial. It is not clear whether this means after acquittal or after the exhaustion of appellate remedies. If the latter is the meaning, Tifford was asking for an indefinite postponement of his trial. This is a clearly impractical proposal. It is clear that Bronstein's offer to testify for Tifford was not an unconditional offer to testify at a separate trial.
Because no real prejudice has been shown and because the possibility of helpful testimony from Bronstein was too remote, the court did not err in denying the motion to sever.
*95 We believe that this holding is in accord with the holding of the Supreme Court of Florida in State v. Talavera, Fla. 1971, 243 So.2d 595, where the court held that a motion for severance shall be granted when the motion shows the following:
* * * * * *
"... (1) the exculpatory nature of the testimony to be elicited from a codefendant; (2) is accompanied by some assurance that the codefendant is willing to testify; (3) sets out the facts indicating that the codefendant would not be willing to testify at a joint trial; (4) clearly indicates that the testimony sought from the codefendant is relevant, material, competent and noncumulative."
* * * * * *
The holding of the Supreme Court does not remove the granting of a motion for severance from the sound discretion of the trial judge. It is within his province to make the initial determination of whether the four conditions set out above have been met. In the present instance, as has been pointed out above, it does not appear that the court abused its discretion inasmuch as both conditions (2) and (4) are lacking.
Affirmed.
NOTES
[1] Rules 3.150, 3.151 and 3.152.