357 So.2d 211 (1978)
The STATE of Florida, Appellant,
v.
Martin FRIED, Appellee.
No. 77-682.
District Court of Appeal of Florida, Third District.
March 21, 1978.
Rehearing Denied April 28, 1978.
*212 Janet Reno, State's Atty. and Milton Robbins, Asst. State's Atty., for appellant.
Bartel, Levine & Shuford, Miami, for appellee.
Before PEARSON, NATHAN and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order dated March 1, 1977, entered by the trial court dismissing a criminal Information filed against appellee, defendant below. For the reasons given below, we affirm.
On October 4, 1976, appellant filed a six-count Information charging appellee with the sale of two promissory notes, allegedly in violation of Chapter 517, Florida Statutes (1975). The Information, in Counts I and IV, charged that appellee, along with two co-defendants, not appellees herein, had sold two Triex Corporation promissory notes to James Burleson, in violation of Section 517.07, Florida Statutes (1975). The Information, in Counts II and V, charged appellee with selling the notes without being registered as a dealer or salesman of securities, in violation of Section 517.12, Florida Statutes (1975). In Counts III and VI, the Information charged appellee with selling the notes in a fraudulent manner, in violation of Section 517.301(1), Florida Statutes (1975). Subsequently, appellee filed a motion to dismiss the Information on the ground that it failed to allege sufficient facts to charge a crime.
In ruling on appellee's motion to dismiss the Information, the trial court considered the Information in conjunction with, and as narrowed by, the Bill of Particulars. This was a correct procedure. See State v. Davis, 243 So.2d 587 (Fla. 1971), and Heisterman v. State, 327 So.2d 839 (Fla. 3d DCA 1976). After this consideration, the trial court found, as set forth in its order dismissing the Information, that the remaining allegations charged appellee with fraudulently selling an unregistered corporate note of Triex Corporation for $24,500, secured by a mortgage on certain real property, without being registered as a dealer or salesman of securities, all in violation of Chapter 517, Florida Statutes (1975). The trial court stated, in part, in its order as follows:
"7. Therefore, the only allegations against MARTIN FRIED are those of an isolated, (or isolated) one-time transaction(s) bearing all the indicia of a commercial loan. The Court is aware that under the definitions of securities as contained in 517.02, certain promissory notes may be considered securities. However, just as all "stocks" do not constitute securities, all promissory notes are likewise not so defined by law. See United Housing Foundation, Inc. v. Forman, 421 U.S. 837, 95 S.Ct. 2051 [44 L.Ed.2d 621] (1975). Florida courts have traditionally rejected a mechanical application of the Florida securities statute. Lapidus v. Rever, 174 So.2d 459 (Fla. 3d DCA 1965); Willmont v. Tellone, 137 So.2d 610 (Fla. 2d DCA 1962).
"The borrowing of money in a single transaction between a borrower and a lender, with the giving of a promissory note to evidence the indebtedness, does not constitute the sale of a security. Avenue State Bank v. Tourtelot, 379 F. Supp. 250 (N.D.Ill. 1974). These and other federal cases are highly persuasive upon this Court for the proposition that the isolated sale(s) of a promissory note allegedly made by the defendant does not constitute a security under the Florida statute, which is closely modeled after the federal act. See McClure v. First National Bank, 497 F.2d 490 (5th Cir.1974). Additionally persuasive is the three criteria established by the Supreme Court of the United States in the case of SEC v. W.J. Harvey Co., 328 U.S. 293 [66 S.Ct. 1100, 90 L.Ed. 1244] (1946) for determining whether a security is involved: 1) an investment of money in 2) a common enterprise, and 3) with profits to come solely through the efforts of persons other than the investor. Surely, the sale of a note secured by a mortgage cannot be said to meet these criteria."
*213 We are persuaded by the trial court's reasoning and agree that, under the facts of this case, the single sale of the note by appellee was not a sale of a "security," as that term is defined in Chapter 517, Florida Statutes (1975).
Appellant contends, among other things, that the trial court erred in dismissing the Information because it tracked the statutory language and the question of whether the note sold by appellee was a "security" should have been determined by the jury.
If a trial court concludes that the facts alleged in an information do not establish a prima facie case of the violations charged, it is within the discretion of the trial court to dismiss such information. See State v. Jones, 247 So.2d 342 (Fla. 3d DCA 1971). See also United States v. Hedges, 458 F.2d 188 (10th Cir.1972), and see generally Wilson v. State, 298 So.2d 433 (Fla. 4th DCA 1974). In the instant case, each of the violations charged against appellee pertained to a violation of Chapter 517, Florida Statutes (1975), pertaining to securities. The trial court correctly determined that the Information, when read in conjunction with, and narrowed by, the Bill of Particulars, did not establish a prima facie case of any violation of Chapter 517, because the note sold by appellee was not a "security" as that term is used in the Chapter. For the purpose of ruling on appellee's motion to dismiss the Information, we believe that it was appropriate for the trial court to make this determination. Compare Miller v. State, 285 So.2d 41 (Fla. 2d DCA 1973). Therefore, we have concluded that the trial court did not err in dismissing the Information.
In the light of this determination, it is unnecessary for us to consider appellant's other point on appeal in regard to the applicable statute of limitations for the offenses alleged in the Information.
For the reasons set forth above, the order of the trial court dismissing the Information is affirmed.
Affirmed.