423 So.2d 439 (1982)
Ralph ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1310.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
Rehearing Denied January 5, 1983.
*440 Kenneth G. Spillias of Spillias & Mitchell, West Palm Beach, and William B. Seidel, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
The question on appeal is whether the harmless error rule may be used to evaluate a claim of improper joinder based on a pleading error. We answer in the affirmative and hold that an appellate court will look beyond the allegations of the charging document and will assess a claim of improper joinder in light of the proof adduced at trial. In reaching this decision we find it necessary to recede from the per se reversible error rule set forth in Wilson v. State, 298 So.2d 433 (Fla. 4th DCA 1974), cert. dismissed, 327 So.2d 35 (Fla. 1976).
The appellant, Ralph Adams, and another defendant, James Brunswick, were charged with conspiring to traffic in marijuana between the dates of August 10 and 16, 1979. Count two of the same information charged Brunswick with delivery of cocaine on August 13, 1979.
Adams filed a pre-trial motion for severance which alleged that joinder was improper under Rule 3.150(b), Fla.R.Crim.P., because he was not charged with the cocaine violation and the allegations in the information did not indicate that the cocaine delivery was part of the common plan or conspiracy charged in count one. The trial court denied the motion to sever, finding that the delivery of cocaine charged in count two was part of the same transaction charged in count one.
The proof at trial indicated that Adams came to Florida to purchase a large quantity of marijuana. He selected Brunswick to act as the middleman to procure the marijuana. Brunswick, in turn, initiated negotiations to purchase the marijuana from a third party without realizing that the third party was an undercover police officer. During the ensuing discussions, Brunswick gave the third party a small quantity of cocaine which formed the basis for the charge in count two. The purpose of the cocaine delivery was to help Brunswick establish a business relationship with the third party and to substantiate Brunswick's credibility with that party as a large-scale drug dealer with access to various kinds and quantities of drugs. Indeed, this was Brunswick's characterization of the transaction. In a recorded telephone conversation, the undercover agent urged Brunswick  who to this point was known only as "J.B."  to identify himself and establish his "good faith." The agent said, "Well, show me something so I know you're on the up and up." Brunswick, referring to the cocaine *441 delivery, answered, "I did already. Remember, I gave it to you." (R. 261). This and other evidence adduced at trial demonstrated that the delivery of cocaine was either in furtherance of the conspiracy to traffic in marijuana or, at a minimum, part of a common scheme or plan.
The question remains, however, whether it was essential for the information to comply strictly with Rule 3.150(b), Fla.R. Crim.P., which governs joinder of multiple defendants; the rule states:
Two or more defendants may be charged in the same indictment or information upon which they are to be tried:
(1) when each defendant is charged with accountability for each offense charged;
(2) when each defendant is charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to have been committed in furtherance of the conspiracy; or
(3) when, even if conspiracy is not charged and all defendants are not charged in each county [sic], it is alleged that the several offenses charged were part of a common scheme or plan. Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.
(Emphasis added.) Since Adams was not charged with the cocaine offense, subsection one is inapplicable. Thus, the issue is whether joinder was proper under subsections two or three.
We interpreted the joinder rule in Wilson v. State, supra. We held that, "[t]o determine whether the joinder is proper or not one must look to the allegations of the charging document. If they are insufficient there is a misjoinder and severance is required upon motion." 298 So.2d at 435. We further stated that if the allegations in the information were deficient, "a defendant (upon motion) is entitled to a severance without a demonstration of prejudice." Ibid. We agree with and abide by the Wilson opinion to the extent that it stands for the proposition that a defendant is entitled to severance if the allegations of the charging document do not meet the requirements of Rule 3.150(b), Fla.R.Crim.P.
The Wilson opinion, however, went much further than merely stating the law regarding a trial court's obligations. The opinion created a per se reversible error rule applicable to severance errors. It characterized the right to a severance as a "vested procedural right," "the denial of which constitutes reversible error." Ibid. Today, we recede from this aspect of Wilson and adopt a more pragmatic view.
In deciding to recede from Wilson, we have found support in the federal cases interpreting Rule 8(b), Fed.R.Crim.P., the federal counterpart to Florida's joinder rule.[1] It is perhaps ironic that Wilson itself reiterated a maxim frequently applied in construing Florida procedural rules: similar state and federal procedural rules should be construed in the same fashion. Pursuant to this maxim, we reviewed relevant federal case law and found that it suggests that Wilson went too far in creating a per se reversal rule.[2] Today, federal courts generally agree that an appellate court should look to the proof adduced at trial, rather than to the allegations of the charging document, to evaluate a claim of improper joinder.
*442 The first federal case which rejected the notion that an appellate court must limit its gaze to the allegations of the charging document was Griffin v. United States, 272 F.2d 801, as modified on appeal, 273 F.2d 958 (5th Cir.1960). There, two defendants were tried together under separate indictments for violating the White Slave Act, 18 U.S.C.A., § 2421 (West 1970). On appeal, the Fifth Circuit dismissed the contention that joinder had to be established by the allegations in the indictments. The court held that "[i]f in fact the proof adduced on the trial of consolidated cases demonstrates that the two separate offenses could have been charged in a single indictment, the rule [8(b)] is satisfied." Id. at 802.
The Ninth Circuit followed Griffin in United States v. Roselli, 432 F.2d 879 (9th Cir.1970), cert. denied, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971). The Roselli case involved a multi-count, multi-defendant indictment which charged conspiracy plus other crimes, including tax evasion. On appeal, defendants argued that the tax evasion counts were not linked to the conspiracy and should have been severed. The Court of Appeals declined to reverse and held:
Although Rule 8(b) standards are stated in terms of required allegations, a conviction will not be reversed on appeal if the evidence at trial establishes that joinder was proper; for even if the rule is read literally to require that the basis for joinder appear on the face of the pleading, the error would then be harmless.
432 F.2d at 899 n. 33.
The rationale of the federal approach comports with the modern view that pleading errors are not fatal unless they are prejudicial. Unquestionably, Florida follows this view. To illustrate, in Hoffman v. State, 397 So.2d 288 (Fla. 1981), the Supreme Court quoted Judge Grimes and said:
"The rules are not intended to furnish a procedural device to escape justice, and we are again persuaded that the modern trend in criminal cases `is to excuse technical defects which have no bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect trial.'"
Id., at 290. See also Lackos v. State, 339 So.2d 217 (Fla. 1976); Rule 3.140(o), Fla.R. Crim.P. The obvious benefit of this approach is that it furthers judicial economy without sacrificing basic fairness.
The evidence in the case at bar demonstrates that the delivery of cocaine was made either in furtherance of the conspiracy alleged in count one or, at least, as a part of a common scheme or plan. Therefore, even though the trial court should have either granted the defendant's motion to sever or required the state to amend the information, that error has proved to be harmless and, thus, does not necessitate reversal on appeal.[3]
To summarize, we recede from that portion of the holding in Wilson v. State, supra, which indicates that an error in pleading joinder of multiple defendants is per se reversible. In place thereof, we hold that the harmless error rule may be applied to evaluate a claim of improper joinder due to a pleading error. An appellate court will look beyond the allegations in the charging document and assess a claim of improper joinder in light of the proof adduced at trial.
We have considered the appellant's other points on appeal and found them to be without merit. Therefore, the conviction is AFFIRMED.
*443 LETTS, C.J., and DOWNEY, ANSTEAD, HERSEY, GLICKSTEIN and WALDEN, JJ., concur.
BERANEK, J., with whom DELL, J., joins, dissents with opinion.
BERANEK, Judge, with whom DELL, Judge, joins, dissenting:
I respectfully dissent. I believe that Wilson v. State, supra, correctly construed the clear language of Florida Rule of Criminal Procedure 3.150(b). The Committee Note on this rule shows consideration of the result suggested by the majority. However, the drafters opted to omit ABA Standard 1.2(c)(2), which would permit joinder of charges "so closely connected in respect to time, place and occasion that it would be difficult to separate one charge from proof of others." The Committee stated:
The Committee is of the opinion that defendants not connected in commission of an act and not connected by conspiracy or by common scheme or plan should not, under any circumstances, be joined.
In this case, the information charged Adams and Brunswick with conspiracy regarding marijuana in Count I and charged only Brunswick with delivery of cocaine in Count II. It was obviously prejudicial to Adams to be tried along with the cocaine allegation as to Brunswick. The information alleged no relationship whatsoever between the two offenses. Adams filed a proper motion to sever under Rule of Criminal Procedure 3.150 and Wilson v. State, supra. The trial court entered an order on April 14, 1980, reciting that on the argument of counsel the court finds that although the information does not allege it, that Counts I and II were really "part of the same transaction." The court's order, based solely on argument of counsel, is very close to an amendment of the information itself. I suggest that the only proper procedure under these circumstances would have been to either grant the severance or for the state to amend the information. I suggest reversible error occurred when this case was allowed to proceed to trial with an information stating one thing and a court order finding that it really meant something else. This is not the way the system is supposed to work. Although I would find a demonstration of prejudice by defendant unnecessary, I submit defendant was in fact prejudiced by these departures from established principles of criminal pleading and practice.
NOTES
[1] The federal rule provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of defendants need not be charged in each count.
18 U.S.C.A. Rule 8(b) (West 1975) (emphasis added).
[2] Some of these cases also suggest that we should recede from the aspect of Wilson that we have left intact. See United States v. Florio, 315 F. Supp. 795 (E.D.N.Y. 1970); United States v. Bally Manufacturing Corp., 345 F. Supp. 410, 430 (E.D.La. 1972). But, because Florida criminal proceedings are usually by information rather than by indictment as in the federal system, and because an information can easily be amended, we think it is better not to recede from Wilson entirely.
[3] Since we find that the evidence at trial justifies joinder in the case at bar, we need not reach the question of whether improper joinder is subject to the harmless error rule. See United States v. Granello, 365 F.2d 990 (2d Cir.1966), cert. denied, 386 U.S. 1019, 87 S.Ct. 1367, 18 L.Ed.2d 458 (1967); Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958 (D.C. Cir.1968), cert. denied, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970); United States v. Chinchic, 655 F.2d 547 (4th Cir.1981).