BOYD, Justice.
We accepted jurisdiction of this case to review the decision of the district court of appeal, Quevedo v. State, 413 So.2d 136 (Fla. 3d DCA 1982). The petition for review was grounded upon the assertion that the decision below conflicted with the decision in Wilson v. State, 298 So.2d 433 (Fla. 4th DCA 1974), cert. dismissed, 327 So.2d 35 (Fla.1976).
The decision of the district court of appeal in the instant case was announced in an opinion which reads in its entirety as follows:
It affirmatively appears that any violation of Fla.R.Crim.P. 3.150(b) in the join-der in the same trial of the second degree murder count against the appellant Quev-edo, and a charge of attempted murder of the same victim, occurring during the same barroom brawl, against Quevedo’s brother, was entirely harmless. The judgment under review is therefore affirmed. Sec. 924.33, Fla.Stat. (1979); see, *88 Zeigler v. State, 402 So.2d 365 (Fla.1981); Harris v. State, 414 So.2d 557 (Fla. 3rd DCA 1982); Damon v. State, 397 So.2d 1224 (Fla. 3rd DCA 1981); compare Wilson v. State, 298 So.2d 433 (Fla. 4th DCA 1974), cert. dismissed, 327 So.2d 35 (Fla. 1976); Paul v. State, 385 So.2d 1371 (Fla. 1980).
In Wilson v. State it was held that the joinder of charges against two defendants in a single information was improper because the joinder of defendants met none of the criteria set forth in Florida Rule of Criminal Procedure 3.150(b). In response to the state’s harmless error argument the court said “The state’s argument that appellant has failed to show any prejudice resulting from the joint trial misses the mark. Procedural rights such as this are not to be granted or denied in the discretion of the court. They are vested rights the denial of which constitutes reversible error.” 298 So.2d at 435.
The opinion of the court below in the instant case merely says that “any violation" that may have occurred in the joinder of charges against the two defendants “affirmatively appears” to have been harmless. 413 So.2d at 137. The opinion does not say whether there was a violation of the rule. We cannot tell from the face of the district court’s opinion whether the alleged violation was of the same character or gravity as the error found in Wilson. Therefore, it cannot be clearly shown that the decision below expressly and directly conflicts with a decision of another district court of appeal.
Having concluded that we do not have jurisdiction to review the decision below, we must also conclude that the petition for review should not have been accepted. The petition for review is therefore denied.
It is so ordered.
ALDERMAN, C.J., and OVERTON and McDONALD, JJ., concur.
ADKINS, EHRLICH and SHAW, JJ., dissent.